United States Courts
Southern District of Texas
ENTERED

FEB 2 5 2004

Michael N. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PRAIRIE VIEW CHAPTER OF THE | § | |
| NAACP, NEOTHIES LINDLEY, JR., K. | § | |
| THANES QUEENAN, VIVIAN SPIKES, | § | CIVIL ACTION NO. H-04-459 |
| AND BRIAN ROWLAND | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| OLIVER S. KITZMAN, Waller County | § | |
| Criminal District Attorney, | § | |
| | § | |
| Defendant. | § | |

## SETTLEMENT AGREEMENT AND ORDER

### I.     INTRODUCTION

Plaintiffs NEOTHIES LINDLEY, JR., K. THANES QUEENAN, VIVIAN

SPIKES, AND BRIAN ROWLAND are four students at Prairie View A&M University

("PVAMU"), a historically black college in Waller County, Texas. Plaintiff PRAIRIE VIEW

CHAPTER OF THE NAACP (the "PVAMU Chapter") is a chapter of NAACP, Inc. that is

composed entirely of students at PVAMU. Plaintiffs brought this action on February 5, 2004 to

ensure that students at PVAMU are able to exercise their fundamental right to vote in the

March 9, 2004 primary and future elections in Waller County without fear of unwarranted

criminal prosecution. Plaintiffs allege that Defendant Waller County Criminal District Attorney

Oliver S. Kitzman ("District Attorney Kitzman") has threatened students at PVAMU with felony

prosecution for "illegal voting" if they choose to cast a ballot on Election Day in Waller County.

Plaintiffs' complaint alleges that District Attorney Kitzman's actions violate (1) the Fourteenth

Amendment, (2) 42 U.S.C. § 1973(i)(b), (3) the Fifteenth Amendment, and (4) 42 U.S.C. §

1971(b).



District Attorney Kitzman contends that he did not intend to violate the Constitutional rights of PVAMU students. In hindsight, however, District Attorney Kitzman admits that, taken in historical context, some PVAMU students could reasonably perceive that his statements and conduct were threatening. District Attorney Kitzman denies that he has violated the Fourteenth Amendment, the Fifteenth Amendment, 42 U.S.C. § 1971(b), and 42 U.S.C. § 1973(i)(b).

The parties have conferred in good faith and agree that this action should be settled. Accordingly, the parties have agreed to entry of this Settlement Agreement and Order as a proper resolution of this case. District Attorney Kitzman agrees that nothing in this Settlement Agreement and Order shall limit Plaintiffs' right to seek attorneys' fees as provided by statute, and Plaintiffs hereby expressly reserve their rights to seek an award of attorneys' fees from the Court if the parties are unable to reach further agreement on the fee issue.

## II.   FACTUAL STIPULATIONS OF THE PARTIES

In settlement of Plaintiffs' claims, the parties stipulate to the following facts:

### A.   JURISDICTION

1.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Plaintiffs are citizens and students of PVAMU who have standing to bring this action under 42 U.S.C. § 1983 to redress injuries suffered through the deprivation, under color of state law, of rights secured by the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973(i)(b), and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

### B.   PARTIES

2.   The PVAMU Chapter is an organization comprised of approximately sixty members and housed on the PVAMU campus. The membership is made up entirely of students,

most of whom are voting age citizens and live within Waller County during the school year. The organization is an affiliate of the NAACP, Inc. national organization.

       3.      Plaintiffs Neothies Lindley, Jr., Thanes Queenan, Vivian Spikes and Brian Rowland are currently students at PVAMU who reside in Waller County, Texas at least during the academic year. With the exception of Vivian Spikes, all are members of the PVAMU Chapter. All are over the age of 18.

       4.      Defendant District Attorney Kitzman is the Waller County Criminal District Attorney. He has the authority to prosecute criminal matters in Waller County, including election-related offenses.

## C.    STANDING

       5.      The PVAMU Chapter fulfills its organizational purpose to promote civic participation and voter education, in part, by conducting voter registration drives on campus, educating its members about candidates and issues at the heart of current political campaigns, and promoting civic participation by advocating that members of the PVAMU community should vote.

       6.      Members of the PVAMU Chapter are aware of the statements and actions by District Attorney Kitzman as well as the history of challenges to the eligibility of PVAMU students to vote in Waller County.

       7.      As a result, members of the PVAMU Chapter believe that they may be prosecuted if they exercise their right to vote. Plaintiffs Lindley, Queenan, Spikes and Rowland are aware of the statements and actions of District Attorney Kitzman and believe that they may be prosecuted if they vote in elections in Waller County.

       8.      However, District Attorney Kitzman represents that he has never conducted an investigation into alleged voter fraud involving a PVAMU student, has never

charged a PVAMU student with election violations, and is not currently investigating any PVAMU student for alleged voting fraud.

**D.    FACTS**

9.      Waller County, Texas, is the county adjacent to the northwest portion of Harris County, Texas.  According to the 2000 Census, Waller County has a total population of 32,663, of whom 9,553 (29.2%) are African American.  It has a voting age population of 23,277, of whom 7,601 (31.3%) are African American.

10.     PVAMU is a historically black college.  Formed in 1876, PVAMU is the second oldest institution of higher education in the state of Texas and is currently part of the Texas A&M University system.  PVAMU is the only institution of higher education in Waller County.  As of Fall 2002, 90% of the 7,000 member student body of PVAMU is African American.

11.     In the 1970s, the voter registrar in Waller County required students at PVAMU to complete a residency questionnaire in addition to the standard voter registration form that nonstudents had to complete.

12.     In response to this practice, this Court issued an injunction in *United States v. Texas* (the "1978 Order") which made clear that PVAMU students were not to be treated differently than others in Waller County in determining their domicile for voting purposes.

13.     The injunction also stated that a registration applicant could not be denied registration on domiciliary grounds for any of the following reasons:

   A.    That such person resides in a dormitory at Prairie
     View A&M University;

   B.    That such person owns no property in Waller
     County;

C. That such person is a student at Prairie View A&M University;

D. That such applicant has no employment or promise of employment in Waller County;

E. That such applicant previously lived outside Waller County, or may live outside Waller County after his graduation; and/or

F. That such person visits the home of his parents, or some other place during holidays and school vacations.

14. The 1978 Order also required the registrar to detail and document the grounds for denying a registration application on residency grounds and provide public access to the documentation.

15. In March 1992, certain PVAMU students were indicted for "illegally voting" based on domicile and other grounds. In May 1992, charges against all the students were dropped and the arrest records were expunged. District Attorney Kitzman himself was not involved in this 1992 incident.

16. District Attorney Kitzman sent Waller County Election Administrator Lela Loewe a letter dated November 5, 2003 (the "November 5 Letter"). The November 5 Letter was published as a Letter to the Editor in the *Waller Times* on November 10, 2003.

17. In the November 5 Letter, District Attorney Kitzman expressed a willingness to prosecute persons who vote in Waller County but do not meet his definition of domicile. District Attorney Kitzman invoked the charge of "illegal voting, a 3rd degree felony, (Elec. 64.012) which is punishable by confinement in the Texas Department of Corrections for a period of not more than 10 years and a fine of not more than $10,000."

18. PVAMU students are the only group in Waller County that District Attorney Kitzman specifically refers to in the November 5 Letter as not meeting his definition of

domicile.

19.     In the November 5 Letter, District Attorney Kitzman left the impression that students in Waller County should not enjoy the same presumption of domicile for voting purposes as nonstudent residents of the County.

20.     District Attorney Kitzman advised Ms. Loewe in the November 5 Letter that she should disseminate information supporting his interpretation of domicile law through her role as the county official responsible for voter registration.   Additionally, District Attorney Kitzman suggested that his interpretation should guide Ms. Loewe's administration of voter registration in the County.   District Attorney Kitzman also advised Ms. Loewe that the Texas Secretary of State is the chief election officer in Texas.

21.     The Texas Secretary of State, Geoffrey S. Connor ("Secretary Connor"), who is the chief elections officer in the State of Texas, Tex. Elec. Code § 31.001, indicated his disagreement with District Attorney Kitzman in a December 31, 2003 letter to him.

22.     The United States Department of Justice (the "DOJ") indicated its disagreement with District Attorney Kitzman and the opening of an investigation into the matter in a January 16, 2004 letter.

23.     The Texas Attorney General and the Texas Secretary of State both released official election law opinions disagreeing with the District Attorney Kitzman's interpretation of Texas election law and stating that students shall have the same presumption of domicile where they choose to register to vote enjoyed by non-students.

24.     District Attorney Kitzman publicly disagreed with each of these statements.

25.     However, the Secretary of State, has publicly published a statement that "I feel that Texas election law is quite clear on the matter.   There is nothing in the Election Code

that prevents university students from registering to vote in the county where they attend School"
and the Secretary's web site includes the statement, "If they would like to register to vote at their
college address, they may do so." The Attorney General's opinion (GA 0141) states in part, "(a
student) who intends that the dormitory be his residence *for purposes of voter registration*, can
*permissibly* register to vote in the country where his dormitory is located."

26.     The foregoing statements have the force of law and constitute grounds for
an affirmative defense under article 8.03 of the Texas Penal Code (Mistake of Law) against
prosecution of university students based upon a question of residency under the Texas Election
Code.

27.     District Attorney Kitzman wrote a letter to Congressman Sheila Jackson
Lee dated January 20, 2004. In that letter, District Attorney Kitzman acknowledges that treating
students differently than others for residency purposes is a violation of the Equal Protection
Clause of the Fourteenth Amendment to the United States Constitution. At the time, this letter
was not publicized.

28.     Joseph D. Rich, Chief of the Voting Section of the DOJ, wrote District
Attorney Kitzman a letter dated January 24, 2004. The letter includes the 1978 Order as an
attachment. Additionally, the letter states that the "United States fully expects Waller County to
abide by the terms and requirements of the permanent injunction ordered by the federal district
court."

29.     Between the time of the November 5 Letter to Ms. Loewe and the filing of
Plaintiffs' Complaint, the views of District Attorney Kitzman were widely publicized in media
outlets throughout Waller County, the Greater Houston Area, throughout Texas, and across the
United States.

30.     The parties agree that actions of District Attorney Kitzman have strained relations between his office and the PVAMU community. In addition to the other relief provided in this Settlement Agreement and Order, in order to help restore a positive relationship between the Waller County Criminal District Attorney's office and the PVAMU community, the parties agree to create the "Waller County Criminal Justice Intern" (the "Intern"), as well as the position of PVAMU/Waller County Criminal District Attorney Liaison (the "Liaison"). The Liaison will be a mutually acceptable member of the PVAMU Chapter, or its designee. The parties shall reach agreement on a timetable for implementing the Liaison and the Intern positions within sixty days of the date of the entry of this Settlement Agreement and Order.

### III.     FINDINGS AND ORDER

1.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Plaintiffs are citizens and students of PVAMU who have standing to bring this action under 42 U.S.C. § 1983 to redress injuries suffered through the deprivation, under color of state law, of rights secured by the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973(i)(b), and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

2.     As the parties have stipulated, District Attorney Kitzman's actions and statements, taken in the historical context, could reasonably be perceived as improperly threatening PVAMU students who were eligible to vote in Waller County with felony prosecution if they attempt to vote in Waller County.

3.     Having considered the Introduction and Factual Stipulations of the parties stated above, in accordance with the agreement of the parties and to remedy any potential violations of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1973(i)(b), the Court ORDERS as follows:

a.   College students shall be eligible to vote in Waller County elections on the same basis and by application of the same standards and procedures as non-students, without regard to whether such students have dormitory or student housing addresses, whether they resided in Waller County prior to attending school, and whether they plan to leave Waller County upon graduation.

b.   District Attorney Kitzman, and his successors in the office of Waller County Criminal District Attorney, are conferred no authority to prevent someone from registering to vote or to prevent voter registrars from including registrants in the voter rolls. *See* TX. Atty. Gen. Op. No. GA-0141.

c.   In exercising prosecutorial authority related to elections, the Waller County District Attorney shall not use any of the following reasons solely, or solely in combination, as a basis for actual or threatened prosecution, indictment, or investigation based on non-residency for voting purposes in Waller County:

   (i)    Whether such person resides in student housing at Prairie View A&M University;

   (ii)   Whether such person owns no property in Waller County;

   (iii)  Whether such person is a student at Prairie View A&M University;

   (iv)  Whether such person has no employment or promise of employment in Waller County;

       (v)    Whether such person previously lived outside Waller County or lived outside Waller County after his/her graduation; and/or

      (vi)   Whether such person lives at the home of his/her parents or some other place during holidays and school vacations.

d.    The Court shall retain jurisdiction of this case to enter any orders necessary to effectuate the terms of Section III of this Settlement Agreement and Order, and make rulings regarding the Plaintiffs' request for attorneys' fees if the parties cannot reach agreement on the fee issue.

Dated: *February 27, 2004*

_____
**United States District Judge**

Agreed to and Entry Requested:

By: _George J. Parnham w/ permission_

George J. Parnham
Parnham and Associates
440 Louisiana, Suite 800
Houston, Texas 77002-1634
Telephone: (713) 224-3967
Facsimile: (713) 224-2815

Counsel for Oliver S. Kitzman

By: _Jon M. Greenbaum w/ permission_

Jon M. Greenbaum (*pro hac vice* application pending)
Attorney-In-Charge
Jonah H. Goldman (*pro hac vice* application pending)
Lawyers Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-5130

Counsel for Plaintiffs

By: _____

John B. Strasburger
State Bar No. 19358335
SDID 11580
Gregg Costa
State Bar No. 24028160
SDID 18119
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone (713) 546-5000
Facsimile: (713) 224-9511

Counsel for Plaintiffs

**OF COUNSEL FOR PLAINTIFFS:**

John C. Brittain
Annette M. Lamoreaux
ACLU of Texas
3400 Montrose, Suite 312
Houston, Texas 77006
Telephone:     (713) 942-8966

Elliot M. Mincberg
Deborah Liu
People For the American Way Foundation
2000 M Street, NW, Suite 400
Washington, DC  20036
Telephone:     (202) 467-4999

J. Goodwille Pierre
People For the American Way Foundation
3311 Richmond Ave., Suite 332
Houston, Texas 77098
Telephone:     (713) 807-7329

Dennis Courtland Hayes, General Counsel
Janette Wipper, Assistant General Counsel
NAACP National Headquarters
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone:     (410) 580-5791
Facsimile:      (410) 358-9350

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CV- **H- 08- 3022** |
| | ) |
| WALLER COUNTY, TEXAS; and | ) |
| ELLEN C. SHELBURNE, Waller County | ) |
| Registrar, in her official capacity, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CONSENT DECREE

The United States filed this action to enforce Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c ("Section 5"), and Title I of the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B). The complaint alleges that defendants have implemented changes in their voter registration practices and procedures without obtaining the requisite Section 5 preclearance and rejected certain voter registration applications in violation of 42 U.S.C. § 1971(a)(2)(B).

The parties have conferred in good faith and agree that the plaintiff's claims should be settled without contested litigation. Accordingly, the parties have agreed to the entry of this Consent Decree as an appropriate resolution of this action.

The parties hereby stipulate that:

1. This Court has jurisdiction pursuant to 42 U.S.C. §§ 1973j(f) and 1971(d), and 28 U.S.C. § 1345. In accordance with 42 U.S.C. § 1973c and 28 U.S.C. § 2284, the Section 5 claims must be determined by a three-judge district court.

2.  The State of Texas and its subdivisions are subject to the preclearance requirements of Section 5.  See 42 U.S.C. § 1973c; see also 28 C.F.R. Part 51, Appendix.  Under Section 5 any "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from that in force or effect in Waller County on November 1, 1972, may not be lawfully implemented unless such change has been submitted to the Attorney General, and the Attorney General has not interposed an objection within sixty days, or the jurisdiction obtains a declaratory judgment from the United States District Court for the District of Columbia that the change does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race, color, or membership in a language minority group.  42 U.S.C. § 1973c.

3.  Defendant Waller County is a subdivision of the State of Texas and is therefore subject to Section 5 preclearance requirements.  According to the 2000 Census, the County had a total population of 32,663, of whom 18,889 (57.8%) are white and 9,553 (29.2%) are black.  The County's voting age population is 24,277, of whom 12,504 (51.5%) are white and 7,556 (31.1%) are black.

4.  Defendant Ellen C. Shelburne is the County Tax Assessor and serves *ex officio* as the County Registrar.  In her capacity as the County Registrar, she is responsible for the administration of voter registration for Waller County.  She is a resident of Waller County and is sued in her official capacity.

5.  Waller County is home to Prairie View A&M ("PVAMU"), a historically black university located in Prairie View, Texas.  PVAMU has an enrollment of approximately 8,000 students for the 2007-2008 academic year.  Many PVAMU students apply to register to vote through voluntary deputy registrars (VDRs) appointed by Waller County pursuant to Texas law.  VDRs in Waller

County, many of whom are PVAMU students, frequently seek to conduct large registration drives on campus.

6. Beginning in 2007, the Defendants have implemented several new standards, practices, or procedures affecting the administration of voter registration without the requisite Section 5 preclearance. Specifically, the Defendants have implemented the following changes affecting voting within the meaning of Section 5:

(a) With regard to the County's VDR program, the new practices of (i) refusing to accept any application submitted by a VDR that the registrar's staff deems incomplete and requiring the VDR to personally notify each such applicant of the rejection; and (ii) imposing limitations on the number of voter registration receipts VDRs may obtain to facilitate voter registration;

(b) With regard to standards for accepting voter registration applications, the rejection of applications because the applicant (i) failed to supply a ZIP code; and (ii) failed to use the most recent version of the registration forms; and

(c) With regard to notification practices, the failure to notify applicants from noncontiguous counties that the registrar's office has forwarded their voter registration applications to those counties.

None of these voting changes has received the requisite judicial or administrative preclearance under Section 5 and thus are legally unenforceable. Clark v. Roemer, 500 U.S. 646 (1991); Procedures for the Administration of Section 5 of the Voting Rights Act, 28 C.F.R. § 51.10 (2008).

7. Under 42 U.S.C. 1971(a)(2)(B), no person shall be denied the right to vote "because of an error or omission on any record or paper relating to any application, registration, or other act

requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election."

8. Since 2007, Defendants have rejected voter registration applications based on the criteria set forth in paragraph 6(b) above, the vast majority of which were applications of PVAMU students.

9. The errors or omissions described in paragraph 6(b) above are not material to determining whether the applicants are qualified under Texas law to vote, and Waller County's rejection of applications on these grounds violates 42 U.S.C. 1971(a)(2)(B).

10. To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree. Defendants are committed to fully complying with the requirements of Section 5 and 42 U.S.C. 1971(a)(2)(B) in the future. Therefore, Defendants stipulate that each provision of this Consent Decree is appropriate and necessary. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

11. Defendants have not received the requisite preclearance under Section 5 for the voting changes identified in paragraph 6 above. The implementation of these changes without preclearance constitutes a violation of Section 5.

12. Defendants, their agents, successors, and all other persons acting in concert with them, are permanently enjoined from further implementing the voting changes described in paragraph 6 above, and any future "voting qualification or prerequisite to voting, or standard, practice, or procedure with respect to voting" different from the last precleared practice or procedure in Texas or Waller County, unless and until administrative or judicial preclearance pursuant to Section 5 is obtained.

- 4 -

13.  Waller County's rejections of voter registration applications on the grounds identified in paragraph 6(b) above violate 42 U.S.C. § 1971(a)(2)(B).

14.  Defendants, their agents, successors, and all other persons acting in concert with them, are permanently enjoined from rejecting voter registration applications for reasons immaterial to determining whether an individual is qualified under Texas law to vote, including the failure to provide a ZIP code and failure to use the most recent version of the registration forms.

15. Defendants shall immediately undertake measures to place on the list of registered voters any individuals whose applications were rejected for reasons identified in the preceding paragraph. To that end, within 7 days of the entry of this Decree, the Defendants shall complete the processing of all registration applications that were rejected pursuant to the criteria described in paragraph 6(b) above and promptly notify all such applicants of the disposition of their applications.  Any applicant whose application was rejected pursuant to the criteria described in paragraph 6(b) shall be added to the registration list, provided the application meets all other requirements of Texas law and that the applicant has not been subsequently registered to vote elsewhere in Texas, and the applicant will be permitted to vote a regular ballot in the November 4, 2008 election in Waller County and all future elections for which the applicant remains eligible under Texas law.  The effective date for these registrants shall be the date the applications were originally submitted.  The notice to such applicants shall include a registration card and a brief statement that advises that the registrant is eligible to vote in the November 4, 2008 election, explains that the application was processed as a result of this Consent Decree, and provides contact information for the registrar's office should the registrant have any questions.

16.  Within 10 days of the entry of this Decree, the Defendants shall provide the Plaintiff with a report of the County's compliance with the application processing required by the preceding paragraph, including the name of each applicant, the disposition of each application, and, for any application that is rejected, the basis for that rejection.  The report shall also include a certification that the County has notified all individuals of the disposition of their applications.  Thereafter, on October 10th and February 10th of each year for the duration of this Consent Decree, the County shall provide the Plaintiff with a report containing the name of each applicant, the disposition of each application, and, for any application that is rejected, the basis for that rejection.  This report shall clearly designate which applications were received during the registration drives conducted pursuant to paragraph 20.  The report shall also include a certification that the County has notified all individuals of the disposition of their applications.

17.  Defendants shall provide written notice to all voter registration applicants of the disposition of their applications in accordance with Texas law, including notice to applicants from noncontiguous counties that the registrar's office has forwarded their voter registration applications.

18.  By December 1, 2008, Defendant Shelburne, in consultation with the Texas Director of Elections, shall develop a VDR training program, including appropriate written materials, for purposes of improving the training of the registrar's staff and existing and future VDRs.  These written materials shall include instructions about VDR responsibilities, an overview of the information required for an application to be deemed complete under Texas law, and a list of frequently asked questions and answers, including identification of common errors on VDR-submitted applications.  Defendant Shelburne shall regularly update these written materials.

19.  Defendants shall coordinate with PVAMU's President, or his designee, to hold twice-

- 6 -

annual events, on the PVAMU campus, at which students can become VDRs and receive training
on the proper procedures for the VDR program. This coordination shall include a written request
to the President, or his designee, three weeks prior to the suggested date for such event asking for
access to the campus to conduct such event. Further, Defendants shall consult with PVAMU's
President, or his designee, to determine the most appropriate place and time to ensure that students
will have the fullest opportunity to attend these events. The Defendants shall arrange for each event
to be advertised in the PVAMU student newspaper, The Panther, at least two days during the 14 day
period that precedes the event. Defendants shall also request the President's assistance in facilitating
electronic notice, such as through electronic mail or posting on PVAMU's online calendar, of these
events to all students through the PVAMU's Information Technology Services during this same
period. Within 10 days following each event, Defendants shall provide the Plaintiff with a copy of
the training agenda, list of attendees, and information with respect to the place and time of these
training sessions.

20. Defendants shall coordinate with PVAMU's President, or his designee, to hold county-
conducted voter registration drives at the W.A. Templeton Memorial Student Center on the first
Wednesday following the second full week of classes for each of the Fall and Spring PVAMU
semesters. This coordination shall include a written request to the President, or his designee, three
weeks prior to the proposed date of each drive asking for access to the campus to conduct the drive,
and consultation with PVAMU's President, or his designee, to determine the most appropriate time
to ensure that students will have the fullest opportunity to attend these drives. Prior to each drive,
Defendants shall solicit, by telephone and letter, participation by PVAMU and other interested
VDRs to assist in conducting these drives. The Defendants shall arrange for the drives to be

- 7 -

advertised in the PVAMU student newspaper, The Panther, at least two days during the 14 day period that precedes the drive. Defendants shall also request the President's assistance in facilitating electronic notice, such as through electronic mail or posting on PVAMU's online calendar, of these drives to all students through the PVAMU's Information Technology Services during this same period.

21. Within 3 days of the date on which the Court enters this Decree, Defendants shall submit for preclearance under Section 5 all voting changes instituted as a result of the implementation of this Decree, except that the VDR training procedures referenced in paragraph 18 shall be submitted for preclearance within 10 days of Defendant Shelburne's final approval.

22. Defendants shall retain any and all records concerning the subject matter of this Consent Decree. Upon request, the Defendants shall provide Plaintiff with copies of any such materials including, but not limited to, registration and VDR-related records and notices of rejection or incomplete registration applications.

23. The parties recognize that regular and ongoing reassessment may be necessary to ensure that voter registration opportunities are provided to PVAMU students in the most effective and efficient manner. To that end, the parties shall confer in good faith if any party believes that adjustment to the agreed procedures is necessary to attain that objective or if Defendants are unable to fulfill any of the obligations set forth herein. Accordingly, subject to the preclearance requirements of Section 5, the relief may be adjusted at any time upon joint written agreement of the parties.

24. This Decree will remain in effect through December 31, 2012. This Court shall retain jurisdiction of this case to enter further relief or such other orders as are necessary for the

effectuation of the terms of this Consent Decree and to ensure compliance with Section 5 and 42

U.S.C. § 1971(a)(2)(B).

AGREED AND CONSENTED TO:

FOR PLAINTIFF:                                    FOR DEFENDANTS:

_Grace Chy Becker_                               _Debra J Mergel_
GRACE CHUNG BECKER                               DEBRA MERGEL
Acting Assistant Attorney General                Counsel for Waller County and
                                                 Ellen C. Shelbourne
                                                 The Mergel Law Firm
                                                 P.O. Box 40541
_Christopher Coates_                             Houston, Texas 77240-0541
CHRISTOPHER COATES                               Phone: (713) 819-0894
Chief, Voting Section                            Fax:   (713) 396-7979

_Russ Nobile_
REBECCA WERTZ
Principal Deputy Chief
T. RUSSELL NOBILE
STEVEN WRIGHT
Trial Attorneys, Voting Section
Civil Rights Division
Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128
Phone: (202) 514-8696
Fax:   (202) 307-3961

Date: _7th_ day of October, 2008

-10-

### JUDGMENT AND ORDER

This Court, having considered the foregoing stipulation of the parties, has considered the

terms of the Consent Decree and hereby incorporates and enters the relief set forth herein, with the

exception of paragraphs 11 and 12, which are entered by the three-judge court convened to address

the claim under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.


ENTERED and ORDERED this *17th* day of *October*_____, 2008.


_____
UNITED STATES DISTRICT JUDGE

**JUDGMENT AND ORDER**

This Court, having been properly empaneled under 28 U.S.C. § 2284 to consider the United

States' claim under Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973c, has

considered the terms of the Consent Decree and hereby enters and incorporates the relief set forth

in paragraphs 11 and 12 of this Decree.


ENTERED and ORDERED this 17th day of October, 2008.


_____
UNITED STATES CIRCUIT JUDGE


_____
UNITED STATES DISTRICT JUDGE


_____
UNITED STATES DISTRICT JUDGE


- 12 -

Case 4:18-cv-03985 Document 22 Filed on 10/25/18 in TXSD Page 25 of 28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

JAYLA ALLEN, DAMON JOHNSON, JOSHUA MUHAMMAD, RAUL SANCHEZ, and TREASURE SMITH,

                *Plaintiffs*,

    v.

WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator,

                *Defendants*.

Civil Case No. 4:18-cv-3985

## PLAINTIFFS' MOTION TO WITHDRAW PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Jayla Allen, Damon Johnson, Joshua Muhammad, Raul Sanchez, and Treasure Smith (collectively, "Plaintiffs") hereby file this Motion to Withdraw Plaintiffs' Emergency Motion for Temporary Restraining Order (the "TRO Motion") [Dkt. No. 16].

On October 24, 2018, Plaintiffs filed the TRO Motion and supporting memorandum of law [Dkt. No. 17] requesting that the Court enter a temporary restraining order compelling Defendants Waller County, Texas; the Waller County Commissioners Court; Judge Carbett J. Duhon III; and Christy A. Eason (collectively, "Defendants") to: (a) extend the days and hours of early voting for the 2018 general election in Waller County

at the Memorial Student Center at Prairie View A&M University and the Waller County Community Center or the City Hall in Prairie View; and (b) provide written notice of these requested early voting changes and other relief, as more fully set forth in the TRO Motion.

Since filing the Complaint, the parties have engaged in negotiations regarding Plaintiffs' claims and causes of action. Additionally, on October 24, 2018, Defendant Waller County Commissioners' Court adopted changes to the 2018 early voting schedule at issue. On October 25, 2018, the parties had a status conference before this Court. In light of all of the above, Plaintiffs anticipate that the parties will continue to engage in discussions with Defendants regarding their pending claims and causes of action. Therefore Plaintiffs move to withdraw the TRO Motion, without prejudice.

Respectfully submitted on October 26, 2018,

/s/ Adam T. Schramek
Adam T. Schramek (SDTX 31913)
State Bar No. 24033045
Attorney-in-Charge
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
adam.schramek@nortonrosefulbright.com

**Of Counsel:**
Sherrilyn A. Ifill*
Janai S. Nelson*
Samuel Spital*
Leah C. Aden**
Deuel Ross**
Kristen A. Johnson**
John S. Cusick**
**NAACP LEGAL DEFENSE AND**

Julie Goodrich Harrison (SDTX 3017799)
State Bar No. 24092434
Nicole Lynn (SDTX 3041738)
State Bar No. 24095526
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151

**EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
sspital@naacpldf.org
laden@naacpldf.org
dross@naacpldf.org
kjohnson@naacpldf.org
jcusick@naacpldf.org

Catherine Meza**
**NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

Facsimile: (713) 651-5246
julie.harrison@nortonrosefulbright.com
nicole.lynn@nortonrosefulbright.com

William F. Calve (SDTX 3206298)
  State Bar No.  24096505
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
Telephone: (210) 270-7132
Facsimile: (210) 270-7205
william.calve@nortonrosefulbright.com

 *Motions for Pro Hac Vice forthcoming
** *Motions for Pro Hac Vice pending*

*Counsel for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, JOSHUA MUHAMMAD, RAUL SANCHEZ, and TREASURE SMITH, | |
| *Plaintiffs*, | |
| v. | |
| WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, | Civil Case No. 4:18-cv-3985 |
| *Defendants*. | |

**ORDER GRANTING PLAINTIFFS' MOTION TO WITHDRAW
PLAINTIFFS' EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER**

Upon consideration of the Plaintiffs' Motion to Withdraw the Plaintiffs' Emergency Motion for Temporary Restraining Order, the Court finds that the Motion should be GRANTED.

It is therefore ORDERED that the Plaintiffs' Emergency Motion for Temporary Restraining Order [Dkt. No. 16] is hereby WITHDRAWN without prejudice.

SIGNED on _____, 2018.

_____
**THE HONORABLE ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE**

4