**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, RAUL SANCHEZ, and TREASURE SMITH,<br><br>*Plaintiffs*,<br><br>v.<br><br>WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator,<br><br>*Defendants*. | Civil Case No. 4:18-cv-3985 |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

Plaintiffs Jayla Allen, Damon Johnson, Raul Sanchez, and Treasure Smith (collectively, "Plaintiffs") and Defendants Waller County, Waller County Commissioners Court, Judge Carbett "Trey" J. Duhon in his official capacity as the Waller County Judge, and Christy A. Eason in her official capacity as the Waller County Elections Administrator (collectively, "Defendants") file the following Joint Discovery/Case Management Plan under Federal Rule of Civil Procedure ("Rule") 26(f).

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   <u>Response</u>:     The Parties' representatives held a meeting by telephone on February 28, 2019 and the following counsel of record attended:

   <u>For the Plaintiffs</u>:     Leah C. Aden, Julie Goodrich Harrison, John S. Cusick

   <u>For the Defendants</u>:     Gunnar P. Seaquist

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   <u>Response</u>:     None known at this time.

1

3.      **Specify the allegation of federal jurisdiction.**

      <u>Response</u>:      Plaintiffs allege civil rights actions arising under the Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the U.S. Constitution and Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301. This Court has federal question jurisdiction under 28 U.S.C. § 1331. The venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose, and Defendants are located, in this District and Division.

4.      **Name the parties who disagree and the reasons.**

      <u>Response</u>:      Jurisdiction is not contested in this case.

5.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

      <u>Response</u>:      No additional Parties are anticipated at this time.

6.      **List anticipated interventions.**

      <u>Response</u>:      None.

7.      **Describe class-action issues.**

      <u>Response</u>:      None.

8.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

      <u>Response</u>:      Plaintiffs have made the initial disclosures required by Rule 26(a), and Defendants will make their disclosures on or before March 14, 2019. The Parties will supplement disclosures in accordance with the Federal Rules of Civil Procedure, as necessary.

9.      **Describe the proposed agreed discovery plan, including:**

    A.      **Responses to all the matters raised in Rule 26(f).**

      <u>Response</u>:      Discovery will be conducted with respect to the allegations contained in Plaintiffs' pleadings and allegations in Defendants' pleadings. The Parties plan to conduct written discovery and take deposition testimony. The Parties do not anticipate the need for any written discovery limitations beyond the applicable rules. The Parties anticipate that each Party will need no more than 13 depositions, three depositions each beyond the applicable rules.

**B.**     **When and to whom the plaintiff anticipates it may send interrogatories.**

<u>Response</u>:     Plaintiffs anticipate sending interrogatories to Defendants up until the close of discovery, which will be consistent with the Court's Scheduling Order.

**C.**     **When and to whom the defendant anticipates it may send interrogatories.**

<u>Response</u>:     Defendants will serve interrogatories to the Plaintiffs up until the close of discovery, which will be consistent with the Court's scheduling order.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

<u>Response</u>:     Plaintiffs anticipate deposing a combination of: Defendant Judge Duhon; Defendant Eason; individuals who previously served or are currently serving as members of the Waller County Commissioners Court, which entity is identified as a Defendant in this action; current and former officials and employees of Waller County, which entity is identified as a Defendant in this action; individuals who may be involved, or may have been involved, in the development of early voting plans and sites for the 2020, 2019, and 2018 elections and previous elections in Waller County; individuals identified by Defendants in their initial disclosures; and/or expert witnesses, to be identified pursuant to the Court's Scheduling Order regarding expert discovery.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

<u>Response</u>:     Defendants anticipate deposing the named Plaintiffs; the witnesses who provided declarations in support of Plaintiffs' motion for temporary restraining order/preliminary injunction; and any experts identified pursuant to the Federal Rules of Civil Procedure and/or the Court's scheduling order.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

<u>Response</u>:     The Parties agree to the following schedule:

<u>Plaintiffs</u>:     Plaintiffs will disclose their experts to Defendants by May 31, 2019 and will provide their expert reports to Defendants by July 1, 2019.

Defendants: Defendants will disclose their experts to Plaintiffs by August 1, 2019 and will provide their expert reports to Plaintiffs by September 3, 2019.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Response: Plaintiffs anticipate taking the deposition of defense-designated experts. Plaintiffs anticipate completing any of these depositions by October 3, 2019, which is the proposed schedule outlined in the Number 12 response below.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Response: Defendants anticipate taking the deposition of plaintiff-designated experts. Defendants anticipate completing any of these depositions by October 3, 2019, which is the proposed schedule outlined in the Number 12 response below.

**10.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Response: Not applicable.

**11.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

Response: None at this time.

**12.** **State the date the planned discovery can reasonably be completed.**

Response: The following schedule is agreed to by all Parties:

Plaintiffs will disclose their experts to Defendants by May 31, 2019;

Plaintiffs will provide their expert reports to Defendants by July 1, 2019;

Defendants will disclose their experts to Plaintiffs by August 1, 2019;

Defendants will provide their expert reports to Plaintiffs by September 3, 2019;

All discovery (fact and expert) ends on October 3, 2019;

Parties will file any *Daubert* motions by October 15, 2019;

4

Motions for Summary Judgment shall be filed by November 15, 2019;

Pre-Trial Order shall be filed by January 6, 2020, or, if a motion for summary judgment is filed, within thirty (30) days after the entry of an order ruling on that motion;

Final pretrial conference shall occur by January 20, 2020;

Parties will file motions in limine by February 3, 2020;

Parties will file trial briefs by February 17, 2020;

Bench trial will commence on March 2, 2020.

The Parties anticipate moving the Court at a later time for leave to file post-trial findings of fact and conclusions of law.

**13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Response:    The Parties believe that some initial discovery will be necessary before any settlement discussions may commence.

**14.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

Response:    The Parties have expressed their commitment to continuing to discuss possible avenues for resolving this case prior to trial.

**15.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Response:    Plaintiffs are agreeable to mediating this case after exchanging written discovery and conducting depositions.

Defendants agree that in the event some form of alternative dispute resolution becomes necessary in this case, mediation after discovery is a suitable technique.

**16.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Response:    The Parties do not both consent to having this case tried before a magistrate judge of this court.

**17.    State whether a jury demand has been made and if it was made on time.**

Response:    None.

**18.    Specify the number of hours it will take to present the evidence in this case.**

Response:    The Parties anticipate that it will take approximately forty (40) hours (5 x 8-hour days) to present evidence in this case.

**19.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Response:    None, other than the motion to dismiss identified below.

**20.    List other motions pending.**

Response:    Pending before the Court is a motion to dismiss pursuant to FRCP 12(b)(6), which was filed by Defendants on January 7, 2019. (ECF No. 34). Plaintiffs filed an opposition response to this motion on January 28, 2019. (ECF No. 39). Defendants filed a reply to Plaintiffs' response on February 7, 2019. (ECF No. 42).

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Response:    The Parties request that the Court enter an order providing that there shall be a maximum of 13 depositions by all Plaintiffs and 13 depositions by all Defendants without leave of court, consistent with Paragraph 9A above.

The Parties anticipate moving the Court at a later time for leave to file post-trial findings of fact and conclusions of law, consistent with Paragraph 12 above.

The parties further agree that the production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. However, this agreement is not intended to and shall not serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production. It is the parties' intent that this agreement supplant the requirements of Federal Rule of Evidence 502(b) and that the Court include this agreement in an order pursuant to Federal Rule of Evidence 502(d), providing the maximum protection allowed by law.

6

**22.      List the names, bar numbers, addresses and telephone numbers of all counsel.**

Leah C. Aden* (SDNY 4555207)
   New York State Bar No. 4555207
Deuel Ross* (SDNY DR9255)
   New York State Bar No. 4825295
Kristen A. Johnson* (SDNY KJ1125)
   New York, 5555552
John S. Cusick* (SDNY JC0098)
   New York 5585245
**NAACP LEGAL DEFENSE AND**
**EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, NY 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
laden@naacpldf.org
dross@naacpldf.org
kjohnson@naacpldf.org
jcusick@naacpldf.org

Catherine Meza* (SDNY CM2375)
   New York, 4517066
**NAACP LEGAL DEFENSE AND**
**EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

   *Pro Hac Vice*

Adam T. Schramek (SDTX 31913)
State Bar No. 24033045
Attorney-in-Charge
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison (SDTX 3017799)
   State Bar No. 24092434
Nicole Lynn (SDTX 3041738)
   State Bar No. 24095526
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
julie.harrison@nortonrosefulbright.com
nicole.lynn@nortonrosefulbright.com

William F. Calve (SDTX 3206298)
   State Bar No.  24096505
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
Telephone: (210) 270-7132
Facsimile: (210) 270-7205
william.calve@nortonrosefulbright.com

**Counsel for Plaintiff(s)  (see above)              **            Date **March 5, 2019      **

Gunnar P. Seaquist
Texas State Bar No. 24043358
Southern District No: 1140733
gseaquist@bickerstaff.com

C. Robert Heath
Texas State Bar No. 09347500
Southern District No. 13381
bheath@bickerstaff.com

**BICKERSTAFF HEATH**
**DELGADO ACOSTA LLP**
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
512-472-8021 (Telephone)
512-320-5638 (Facsimile)

**Counsel for Defendant(s) (see above)**          Date **March 5, 2019**

8