IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY, <br><br> *Plaintiffs*, <br><br> v. <br><br> WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, <br><br> *Defendants*. | Civil Case No. 4:18-cv-3985 |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' ADVISORY TO THE COURT REGARDING CONTROLLING LEGISLATION EFFECTIVE SEPTEMBER 1, 2019

Individual Plaintiffs Jayla Allen, Damon Johnson, and Treasure Smith, and organizational Plaintiff the Panther Party (collectively, "Plaintiffs") write in response to the advisory that Defendants Waller County, Texas, Waller County Commissioners Court, Judge Carbett J. "Trey" Duhon III, in his official capacity as the Waller County Judge, and Christy A. Eason, in her official capacity as the Waller County Elections Administrator (collectively, "Defendants") filed with the Court on October 25, 2019 regarding Texas House Bill 1888 ("HB 1888"). As explained in more detail below, HB 1888 is silent with respect to the discretion that Waller County officials have to site polling places. Where, just as much, if not more than, how much early voting opportunities Plaintiffs are provided is central to the declaratory, injunctive, and other relief that Plaintiffs seek.

Plaintiffs do not dispute that HB 1888, effective since September 1, 2019, amended 85.064(b) of Texas Election Code to mandate, in counties with more than 1,000 registered voters, that early voting be conducted at temporary branch polling places on the *days* that voting is required

1

to be conducted at the main early voting polling place for at least eight (8) *hours* per day. Indeed, HB 1888 substantially limits counties' discretion in setting early voting *days* and *hours*—discretion which, as Plaintiffs allege in their Amended Complaint, resulted in the discriminatory allocation of early voting opportunities to Black students at Prairie View A&M University ("PVAMU") and Black voters in the City of Prairie View during the November 2018 election. But Plaintiffs dispute Defendants' incomplete presentation of Plaintiffs' claims and the relief that they seek in their Amended Complaint, as well as how HB 1888 impacts this suit for two primary reasons.

*First*, Defendants do not fully recite the multiple forms of relief requested by Plaintiffs in this case, including remedies for past conduct related to the November 2018 election, as well as for present and future harm that they are likely to be confronted with, notwithstanding HB 1888. Plaintiffs' Amended Complaint identifies independent and intersecting claims under the Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the U.S. Constitution and Section 2 of the Voting Rights Act based on Defendants' discriminatory actions against the predominantly Black student voters of PVAMU and Black voters in Prairie View in setting the early voting schedule for the 2018 election. Defendants cite only to Plaintiffs' remedial request that "the Court [] order Defendants 'to provide at least parity, standardized, or otherwise adequate early voting *hours* to Prairie View and PVAMU as compared to other Waller County cities,' and 'to ensure that, now and in the future, a representative of PVAMU students is involved in the process for setting an early voting schedule.'" *See* ECF No. 67 at 1-2 (internal citations omitted) (emphasis added). But Plaintiffs also seek the following additional forms of relief:

1. A declaratory judgment "that Defendants' refusal to offer adequate early voting *sites*" to Prairie View and PVAMU for the 2018 general election "violates Section 2 of the VRA and the Fourteenth, Fifteenth, and/or Twenty-Sixth Amendments" to the U.S. Constitution;

2. An injunction "[o]rdering Defendants to ensure that, now and in the future, a representative of PVAMU students is involved in the process for setting an early voting

schedule"—a process that includes not only fixing early voting *days* and *hours* but also designating early voting *locations*;

3. "[A]n order pursuant to Section 3(c) of the VRA retaining jurisdiction over this action and requiring Waller County to obtain preclearance through a determination from this Court or the U.S. Department of Justice that any proposed voting changes impacting any elections in the County, including, inter alia, decisions regarding early voting *locations* and *hours*, do not have the purpose or effect of denying or abridging the right to vote based on race, 52 U.S.C. § 10302(c)" (emphasis added);

4. An order commanding "Defendants to pay Plaintiffs' costs, expenses, and other reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and 52 U.S.C. § 10310(e)"; and

5. An order granting "any such additional relief as the interests of justice may require." ECF No. 49 at 28. Thus, regardless of how HB 1888 impacts future elections, Plaintiffs seek an adjudication of how Waller County officials' actions harmed Plaintiffs in a recent, past election.

*Second* and relatedly, Defendants suggest that Plaintiffs' lawsuit is simply about the discriminatory allocation of early voting *days* and *hours* in November 2018. While HB 1888 removes Defendants' discretion over those components of the development of an early voting schedule, the new law is silent with respect to another key component of voting at issue in this case—the setting of polling *locations*. For example, as Plaintiffs have alleged, off-campus early voting is inaccessible to Black PVAMU students who lack transportation in a county *without* public transportation and, off-campus polling places, like the Waller County Community Center, are unknown and not used by PVAMU students. ECF No. 49 at 13, 14, 17, 19; *see also* ECF No. 53 at 18. Moreover, Black voters in Prairie View, an area of the County that is disproportionately impoverished, also access to lack public transportation, making accessible polling cites critical to their ability to vote. ECF No. 49 at 9-11; *see also* ECF No. 53 at 9, 37, 41. The parties remain in

ongoing and extensive discovery to establish their claims with respect to the November 2018 election, and, pending before the Court, is the Parties' Joint Agreed Motion to Extend Scheduling Order Deadlines and for Continuance. ECF No. 65. Thus, regardless of how HB 1888 impacts future elections insofar as standardizing early voting days and hours, Plaintiffs seek a full airing and adjudication about (a) how Waller County officials discriminated against Black PVAMU students and Black voters in Prairie View in the siting of early voting locations for the November 2018 election, including by severely limiting opportunities for on-campus voting at PVAMU, and (b) injunctive relief that curbs Waller County officials from making similar discriminatory siting decisions.

Significantly, Defendants' advisory reflects that with HB 1888's implementation, Waller County continues to exercise its discretion to determine the early voting *locations* in Waller County in a manner that is harmful to PVAMU students and other voters. For the 2019 election season, Defendants have chosen to close the early voting location on the PVAMU campus at the Willie B. Tempton Memorial Student Center—hard and long-fought location that PVAMU students have been seeking and finally won in 2016 and which Plaintiffs allege is most accessible and heavily used by PVAMU students and other Black voters. Instead, the County is providing a single early voting location off-campus in the City of Prairie at the Waller County Community Center. Consistent with Plaintiffs' allegations, recent media coverage of HB 1888 has illuminated how this new law may harm rural and young voters. *See*, *e.g*., Alexa Ura, *Texas ended temporary voting locations to curb abuse. Now rural and young voters are losing access*, Texas Tribune (Oct. 10, 2019), https://www.texastribune.org/2019/10/10/texas-temporary-voting-access-young-rural-voters/; *see also* Michael Wines, *The Student Vote is Surging. So Are Efforts to Suppress It.*, N.Y. Times, (Oct. 24, 2019), https://www.nytimes.com/2019/10/24/us/voting-college-suppression.html

For these reasons, Plaintiffs remain entitled to an adjudication of the declaratory, injunctive, and other relief sought in their Amended Complaint under the U.S. Constitution and Voting Rights Act, notwithstanding Texas's implementation of HB 1888.

Respectfully submitted on October 28, 2019,

**Of Counsel:**

/s/ Leah C. Aden
Leah C. Aden*
Deuel Ross*
Kristen A. Johnson*
John S. Cusick*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, New York 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
laden@naacpldf.org
dross@naacpldf.org
kjohnson@naacpldf.org
jcusick@naacpldf.org

Catherine Meza*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

*Pro Hac Vice

Adam T. Schramek (SDTX 31913)
State Bar No. 24033045
Attorney-in-Charge
**Norton Rose Fulbright US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison (SDTX 3017799)
 State Bar No. 24092434
Nicole Lynn (SDTX 3041738)
 State Bar No. 24095526
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
julie.harrison@nortonrosefulbright.com
nicole.lynn@nortonrosefulbright.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      This is to certify that on October 28, 2019, I electronically filed a true and correct copy of the above document with the Clerk of Court using the CM/ECF system, which automatically provides notice of filing to all counsel of record.

                                      */s/ Julie Harrison*
                                      Julie Harrison