# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY, <br> *Plaintiffs*, <br><br> v. <br><br> WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, <br> *Defendants*. | § § § § § § § § § § § § § § § § | Civil Action No. 4:18-CV-3985 |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE CHARLES R. ESKRIDGE, III:

Defendants, Waller County, Texas, the Waller County Commissioners Court, Judge Carbett "Trey" J. Duhon III, in his official capacity as the Waller County Judge, and Christy A. Eason in her official capacity as the Waller County Elections Administrator (collectively "Defendants"), answer as follows the allegations in Plaintiff's First Amended Complaint (Doc. 49).

### DEFENDANTS' ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendants deny each and every allegation contained in Plaintiffs' First Amended Complaint, except for those expressly admitted

1

below. The following numbered paragraphs and titles correspond to the paragraphs within the live complaint.

1. Paragraph 1 to Plaintiff's First Amended Complaint contains only legal conclusions and citations and therefore does not require a response.

2. Defendants admit that Prairie View A&M University (PVAMU) is a historically Black University, but deny the remainder of the allegations in their entirety.

3. Defendants deny that Jayla Allen and Raul Sanchez are Plaintiffs in this action, as they have been withdrawn. Defendants admit that the remaining Plaintiffs seek declaratory and injunctive relief pursuant to Section 2 of the Voting Rights and the Fourteenth, Fifteenth, and Twenty-Sixth Amendments to the constitution, but Defendants lack sufficient knowledge to admit or deny their alleged motivations for doing so. Defendants deny that Black PVAMU students are not afforded the same opportunities to vote as all other voters in Waller County or that this lawsuit was necessary to ensure the same.

4. Defendants deny the allegations in the first sentence of paragraph 4. Registration in Texas is not by race, so defendants do not have sufficient information either to admit or deny the allegations in the second sentence that relate to the number of Black voters in 1971. In regard to the allegations in the third sentence, the reference to "significant political force" is vague and subjective and is not subject to being admitted or denied.

5. Defendants deny the allegations in paragraph 5.

6. Plaintiffs' allegations regarding past barriers are insufficiently specific for Defendants to admit or deny the allegations in the first sentence of this paragraph. Defendants admit that there has been past litigation and advocacy regarding voting in Waller County, but deny

2

that they have made registering to vote and casting a ballot unduly burdensome, if not impossible, for Black PVAMU students.

7. Paragraph 7 of Plaintiffs' First Amended Complaint contains only legal argument and conclusions and therefore requires no response.

8. Paragraph 8 of Plaintiffs' First Amended Complaint contains only legal argument and conclusions and therefore requires no response.

9. Defendants deny the allegations in paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 of Plaintiffs' First Amended Complaint contains only a recitation of the claims and therefore does not require a response.

11. Paragraph 11 of Plaintiffs' First Amended Complaint contains only a legal allegation of jurisdiction and therefore does not request a response. Nevertheless, Defendants admit that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 for live claims for which Plaintiffs' possess sufficient standing to assert.

12. Defendants admit that venue is proper in the Houston Division of the Southern District of Texas.

## PARTIES

13. Defendants deny that Jayla Allen is a Plaintiff, as she has been withdrawn as a party in this case. Defendants admit that, at least at one time, Jayla Allen was a registered voter and resident of Waller County. Defendants further admit that, at least at one time, Ms. Allen was the Chair of Rock the Vote and a member of Ignite. Defendants deny the remainder of the allegations in paragraph 13.

14. Defendants admit that Damon Johnson is a Plaintiff and that, at least at one time, was a registered voter and resident in Waller County. Defendants lack sufficient knowledge to admit or deny whether Mr. Johnson is currently a nineteen-year old sophomore, but admit that, at least at one time, he lived off-campus within walking distance of the PVAMU campus and did not own a car. Defendants admit that, at least at some time, Mr. Johnson has been a member of one or more of the Student Government Association, Prairie View Consulting Association, Chemistry Club, American Association for Chemical Engineers, and Speech and Debate Club. Defendants deny the remainder of the allegations in paragraph 14.

15. Defendants deny that Raul Sanchez is a Plaintiff, as he has been withdrawn as a party in this case. Defendants deny that Mr. Sanchez lacked the same or similar opportunities for early voting in the first week as other voters in Waller County or that his right to vote has been, or will be, in any way abridged or denied in violation of the Twenty-sixth Amendment to the United States Constitution. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 15.

16. Defendants admit that Plaintiff Smith was, at least at one time, a registered voter and Resident of Waller County. Defendants deny that Plaintiff Smith lacked the same or similar opportunities for early voting in the first week as other voters in Waller County or that her right to vote has been, or will be, in any way abridged or denied in violation of either the Voting Rights Act or the United States Constitution. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 16.

17. Defendants admit that the Panther Party is a Plaintiff in this case. Defendants lack sufficient information to admit or deny whether the Panther Party includes both student and alumni members or is dedicated to addressing and improving the social, political, economic, and historical

landscape at PVAMU and in the City of Prairie View on behalf of Black and Latinx people and anyone who has been oppressed and disadvantaged. Defendants lack sufficient knowledge to admit or deny the circumstances and timing of the formation of the Panther Party. Defendants lack sufficient knowledge to admit or deny the demographic makeup of the Panther Party's members and what percentage and whether its members are registered to vote in Waller County. Defendants admit that at least one member of the Panther Party, Joshua Mohammad, addressed the Commissioners Court regarding early voting at its October 17, 2018 meeting. Defendants deny the remainder of the allegations in paragraph 17.

18. Defendants admit the allegation in paragraph 18.

19. Defendants admit that the Waller County Commissioners Court is the governing body of Waller County, but denies that it is a separate jural entity that is subject to suit. Defendants admit that the Waller County Commissioners Court includes the County Judge who is elected at large and four Commissioners who are elected from single member districts. Defendants further admit that the Commissioner Court has authority over the County's budget, but deny that the Commissioners Court has authority over all administrative decisions of the County. Defendants admit that the Commissioners Court has final approval authority of the early voting days, hours, and locations, as constrained by State law, but deny that the Commissioners Court makes all of these decisions in regard to early voting. Early voting schedules, including days, times, and locations are proposed by the County Elections Administrator based on the input from the local political chairs of Waller County. Defendants admit that Commissioner Jeron Barnett, is Black and is elected from a majority-Black District. Defendants admit that the remaining Commissioners are white but deny that they are all elected from majority-white voting districts.

20.     Defendants admit that Carbett "Trey" Duhon III is the County Judge of Waller County and is sued in his official capacity.

21.     Defendants admit that Christy A. Eason is the Elections Administrator of Waller County and is sued in her official capacity.

## DEMOGRAPHICS OF WALLER COUNTY

22.     Defendants admit the allegations in paragraph 22.

23.     Defendants lack sufficient knowledge to admit or deny the accuracy of the current number and demographic distribution of PVAMU students. Defendants admit the remaining allegations in paragraph 23.

24.     Paragraph 24 merely recites data from the 2010 census, the accuracy of which Defendants lack sufficient information to admit or deny.

25.     Paragraph 25 merely recites data from the 2010 census, the accuracy of which Defendants lack sufficient information to admit or deny.

26.     Paragraph 26 merely recites data from the 2010 census, the accuracy of which Defendants lack sufficient information to admit or deny.

27.     Paragraph 27 merely recites data from the 2011-2015 ACS 5-year estimates, the accuracy of which Defendants lack sufficient information to admit or deny.

28.     Paragraph 28 merely recites data from the 2011-2015 ACS 5-year estimates, the accuracy of which Defendants lack sufficient information to admit or deny.

29.     Paragraph 29 merely recites data from the 2010 Census, the accuracy of which Defendants lack sufficient information to admit or deny. To the extent this paragraph makes allegations beyond promulgated Census data, Defendants deny them.

30. Paragraph 30 merely recites data from the 2012-2016 ACS 5-year estimates, the accuracy of which Defendants lack sufficient information to admit or deny. To the extent this paragraph makes allegations beyond promulgated ACS estimates, Defendants deny them.

31. Paragraph 31 merely recites data from the 2012-2016 ACS 5-year estimate, the accuracy of which Defendants lack sufficient information to admit or deny. To the extent this paragraph makes allegations beyond promulgated ACS estimates, Defendants deny them.

32. Paragraph 32 merely recites data from the 2012-2016 ACS 5-year estimate, the accuracy of which Defendants lack sufficient information to admit or deny. To the extent this paragraph makes allegations beyond promulgated ACS estimates, Defendants deny them.

33. Paragraph 33 merely recites data from the 2012-2016 ACS 5-year estimates, the accuracy of which Defendants lack sufficient information to admit or deny. To the extent this paragraph makes allegations beyond promulgated ACS estimates, Defendants deny them.

## EARLY VOTING IN WALLER COUNTY

34. Defendants admit the allegations in paragraph 34.

35. Defendants admit that the Commissioners Court adopted an early voting plan for the 2018 November election based on the input and agreement of the local political chairs; deny the remainder.

36. Defendants admit the allegations in paragraph 36.

37. Defendants admit that the plan allocated early voting in Prairie View for the second week of early voting, not the first, but deny that voters in Prairie View did not have the opportunity to vote early during the first week if they wished to do so.

38. Defendants deny that the Community Center, which is located within the original footprint of the PVAMU campus and was dedicated to the County by Texas A&M, is not well

known or frequently used by PVAMU voters. Defendants admit the remaining allegations in paragraph 38.

39. Defendants admit that there were no weekend hours at early voting locations in Prairie View under the initial schedule.

40. Defendants admit there were no evening early voting hours at the MSC under the initial schedule.

41. Defendants deny the allegations in paragraph 41.

42. Defendants admit the allegations in paragraph 42.

43. Defendants admit that at the October 17, 2018 Commissioners Court meeting approximately 12 individuals spoke either in public comment or on the specific item regarding the early voting schedule. Defendants deny that any speaker raised a concern about disparate treatment or negative impact on the basis of race. Further, while many of the student speakers did advocate for a greater number of early voting hours at the MSC, Defendants deny that a majority of the speakers asked for parity or consistency throughout the county.

44. Defendants admit Mr. Muhammad, a former PVAMU student, spoke at the October 17, 2018 Commissioners Court meeting and that his statements from that meeting are preserved verbatim on the video recording of the meeting. Defendants deny the remainder of the allegations in paragraph 44.

45. Defendants admit that Dr. Mattox, a Black woman, spoke at the October 17, 2018 Commissioners Court meeting and that her statements from that meeting are preserved verbatim on the video recording of the meeting. Defendants deny the remainder of the allegations in paragraph 45.

46. Defendants admit Kendric Jones, a Black student and then council member of the City of Prairie View, spoke at the October 17, 2018 Commissioners Court meeting and that his statements from that meeting are preserved verbatim on the video recording of the meeting. Defendants deny the remainder of the allegations in paragraph 46.

47. Defendants admit Xante Wallace, a Black student and then council member of the City of Prairie View, spoke at the October 17, 2018 Commissioners Court meeting and that his statements from that meeting are preserved verbatim on the video recording of the meeting. Defendants deny the remainder of the allegations in paragraph 47.

48. Defendants admit that Christy Eason's and Judge Duhon's statements from the October 17, 2018 meeting are preserved verbatim on the video recording of the meeting. Defendants deny the remainder of the allegations in paragraph 48.

49. Defendants deny the characterization that "very few people commented in support of the plan. Defendants admit the remaining allegations in paragraph 49, but only to the extent of the statements actually made as reflected in the verbatim recording of the October 17, 2018 meeting.

50. Admit that members of the Commissioners Court explained that the plan was agreed by members of both major political parties, that early voting was initially scheduled for the first week at PVAMU but that it was moved to the second week at the request of the Democratic Party Chair, Rosa Patlan Harris, on the basis that it would conflict with PVAMU's homecoming, that voting on campus was difficult for non-student voters in the City of Prairie View, particularly senior citizens and those with mobility challenges, and that it was difficult to park on campus. Defendants deny the remaining allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 51, but only to the extent of the statements actually made as reflected in the verbatim recording of the October 17, 2018 meeting.

52. Defendants deny the allegations in paragraph 52.

53. Defendants admit that PVAMU makes parking available to non-PVAMU students on voting days, but deny that addresses the concerns raised by the Commissioners at the October 17, 2018 meeting. Similarly, Defendants admit that other events are held at PVAMU's campus but deny that addresses the concerns raised by the Commissioners at the October 17, 2018 meeting.

54. Defendants deny that any Commissioner stated it was not possible or feasible to add more early voting sites, but admit the remainder of the allegations in paragraph 54.

55. Defendants deny that the characterization of the Waller County Community Center as being "off-campus" as that building sits in the footprint of the PVAMU campus and was dedicated to the county by Texas A&M. Defendants further deny that the Monaville County Building is located in Hempstead. Admit the remaining allegations in paragraph 55.

56. Defendants admit that the Commissioners Court heard the public comments reflected in the verbatim recording of the October 17, 2018 meeting. Defendants further admit that the County Building in Monaville is approximately 13 miles away from the PVAMU campus. Defendants deny the remaining allegations in paragraph 56.

57. Defendants admit the allegations in paragraph 57.

58. Defendants deny the characterization that Eason "urged against" additional early voting in Monaville, but admit the remaining allegations in paragraph 58.

59. Defendants admit the allegations in paragraph 59.

60. Defendants admit that there was no majority consensus on any of the alternate proposals, which left in place the early voting schedule that had previously been adopted by the Commissioners Court, but deny the remaining allegations in paragraph 60.

61. Defendants deny that there was any "ongoing inequity issue," but admit that Defendants Duhon and Eason indicated their preference for having greater involvement from the community in setting the hours in the future and working towards a more standardized schedule.

62. Defendants admit the allegations in paragraph 62.

63. Defendants admit the allegations in paragraph 63.

64. Defendants admit the allegations in paragraph 64.

65. Defendants deny that they did not consult with representatives of PVAMU students or Prairie View Residents, but admit the remainder of the allegations in paragraph 65.

66. Defendants admit the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

## TOTALITY OF THE CIRCUMSTANCES

70. Defendants deny the allegations in paragraph 70.

71. Plaintiff's allegation that Waller County has an "extensive history of racial discrimination against Black Prairie View students in voting" is vague and subjective and not sufficiently specific for Defendant to admit or deny. Defendants admit that past administrations and officials in Waller County have been the subject of allegations of race discrimination by Prairie View students for which, although there was no ultimate finding of discrimination on the basis of race, a consent decree and/or settlement agreement was ultimately reached. Defendants deny that

the current Commissioners Court and officials of Waller County has any history of racial discrimination or that they have unlawfully discriminated against students at Prairie View on the basis of race or other protected category.

72. Defendants admit that the Court in *Veasey v. Perry* cited alleged instances of discrimination in Waller County prior to 2009 as part of the evidence in support of its findings, but deny that the Court "singled out" Waller County.

73. Defendants admit that the arrest and death of Sandra Bland drew national attention, but deny that those events have any connection to, or bearing on, early voting in Waller County. Defendants admit that Waller County initially adopted a plan to have two early polling locations for the March 2016 primary, one in Hempstead on the North end of the County, and one in Brookshire for the South end of the County, based on the recommendation and agreement of the Party chairs. Defendants admit that neither was in walking distance of the PVAMU campus, as they were not in walking distance for most voters in the County. Defendants admit that they later revised the schedule to expand early voting to six sites throughout the County—including placing early voting at the Memorial Student Center—but deny that they were compelled to do so by the threat of litigation.

74. Defendants admit the allegations in paragraph 74.

75. Defendants deny that Texas was subject to preclearance since 1965, but otherwise admit the allegations in paragraph 75.

76. The allegation in paragraph 76 is a legal conclusion that does not require a response. To the extent the Court requires a response, Defendants deny the allegation in paragraph 76.

77. The allegations in paragraph 77 are legal conclusions that do not require a response. To the extent the Court requires a response, Defendants deny the allegations in paragraph 77.

78. Defendants lack sufficient information to admit the allegations in paragraph 78, and therefore denies them.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

## CAUSES OF ACTION

### First Cause of Action

85. Defendants reassert and incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

86. Defendants admit that Section 2 forbids the denial or abridgement of the right to vote on account of race or color, but deny the remaining allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

### Second Cause of Action

88. Defendants reassert and incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

89. Defendants admit that the Fourteenth and Fifteenth amendments to the United States Constitution prohibit intentional discrimination on the basis of race, but deny the remaining allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

### Third Cause of Action

92. Defendants reassert and incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

93. Defendants admit that the Twenty-sixth Amendment to the United States Constitution prohibits discrimination on the basis of age but denies the remaining allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96

### FOURTH CAUSE OF ACTION

97. Defendants reassert and incorporates by reference its responses to the allegations contained in the previous paragraphs of the Complaint as though fully set forth herein.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

## PRAYER FOR RELIEF

101. Defendants deny that Plaintiffs are entitled to any of the relief sought in paragraph 101(a)-(f), or any other relief based on the claims herein.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Pleading further, and by way of affirmative defense, Defendants further assert the following:

1. Defendants adopted the early voting schedule for the 2018 general election based on legitimate, non-discriminatory factors and without regard to race.

2. One or more of Plaintiffs' claims fails for want of standing and/or mootness.

## PRAYER

For these reasons, Defendants pray that Plaintiffs take nothing by their claims and that the Court award final judgment in favor of Defendants on all claims herein, and grant Defendants such other and further relief to which they may be entitled.

Dated: May 26, 2020.

Respectfully Submitted,

By: */s/ Gunnar P. Seaquist*
    Gunnar P. Seaquist
    Texas State Bar No. 24043358
    BICKERSTAFF HEATH DELGADO ACOSTA, LLP
    3711 S. MoPac Expressway
    Building One, Suite 300
    Austin, Texas 78746
    Telephone: (512) 472-8021
    Facsimile: (512) 320-5638
    gseaquist@bickerstaff.com

## **CERTIFICATE OF SERVICE**

This is to certify that on May 26, 2020 a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system of the United States District Court for the Southern District of Texas.

                                    */s/ Gunnar P. Seaquist*
                                    Gunnar P. Seaquist