# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY,<br><br>*Plaintiffs*,<br><br>v.<br><br>WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator,<br><br>*Defendants*. | Civil Case No. 4:18-cv-3985-CRE |

## PLAINTIFFS' SUPPLEMENTAL BRIEF FOLLOWING
## THE COURT'S SUMMARY JUDGMENT HEARING

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT AND AUTHORITIES ................................................................................. 2

    I.   HB1888 Does Not Moot Plaintiffs' Claims. ............................................................ 2

    II.  PVAMU is Neither a Necessary nor an Indispensable Party to this Lawsuit. .......... 6

    III. Even if PVAMU Were Indispensable, Sovereign Immunity Is No Bar to Joinder ... 9

CONCLUSION ................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*,
   851 F.3d 507 (5th Cir. 2017) .................................................................................. 10

*Brown v. Dean*,
   555 F. Supp. 502 (D.R.I. 1982) .................................................................................. 6

*Brown v. Plata*,
   563 U.S. 493 (2011) .................................................................................................... 6

*City of Austin v. Paxton*,
   943 F.3d 993 (5th Cir. 2019) .................................................................................... 10

*Floyd v. City of New York*,
   959 F.Supp.2d 668 (S.D.N.Y. 2013) .......................................................................... 6

*Honig v. Doe*,
   484 U.S. 305 (1988) .................................................................................................... 5

*Knox v. Serv. Emps. Int'l Union, Local 1000*,
   567 U.S. 298 (2012) .................................................................................................... 2

*LULAC v. Perry*,
   548 U.S. 399 (2006) .................................................................................................... 4

*Hood ex rel. Miss. v. City of Memphis*,
   570 F.3d 625 (5th Cir. 2009) .................................................................................. 7, 8

*OCA-Greater Houston v. Tex.*,
   867 F.3d 604 (5th Cir. 2017) ...................................................................................... 9

*Pulitzer-Polster v. Pulitzer*,
   784 F.2d 1305 (5th Cir. 1986) ................................................................................ 7, 9

*Quren v. Jordan*,
   440 U.S. 332 (1979) .................................................................................................... 9

*Spirit Lake Tribe v. Benson Cty.*,
   No. 2:10-cv-095, 2010 WL 4226614 (D.N.D. Oct. 21, 2010) .................................... 6

*United States v. Palmer*,
    356 F.2d 951 (5th Cir. 1966) ..................................................................................... 6

*Va. Office for Prot. and Advocacy v. Stewart*,
    563 U.S. 247 (2011) .................................................................................................. 10

**Rules and Statutes**

52 U.S.C. § 10301, Voting Rights Act ....................................................................... 6, 9, 10

Fed. R. Civ. P 19 ............................................................................................................ 7, 8, 9

Fed. R. Civ. P 19(a) ............................................................................................................. 8

Fed. R. Civ. P 19(a)(1) ........................................................................................................ 7

Fed. R. Civ. P 19(b) ............................................................................................................. 8

**Other Authorities**

*2020 Joint Primary Runoff Election*,
    https://www.co.waller.tx.us/upload/page/0172/2020/Primary%20Runoff
    /2020%20PRIMARY%20RUNOFF%20EV%20AND%20ED.pdf ............................. 3

## INTRODUCTION

On June 5, 2020, this Court denied Defendants' motion for summary judgment with an order to follow. This Court also ordered the parties to submit simultaneous supplemental briefing limited to three issues: (1) whether the case is moot based on the enactment of Texas House Bill 1888 of 2019 ("HB1888"); (2) whether Prairie View A&M University ("PVAMU") is a necessary and an indispensable party to one of Plaintiffs' requests for injunctive relief; and (3) whether PVAMU would have sovereign immunity from this Court's ability to order relief against it if the Court finds PVAMU an indispensable party.

Despite HB1888's enactment, Plaintiffs are still entitled to declaratory, injunctive, and other prophylactic relief for Defendants' adopting and maintaining Waller County's discriminatory fall 2018 early voting plan. Plaintiffs' requested declaratory judgment and injunctive relief are both necessary to remedy: (a) the discriminatory harms that Black PVAMU students and other Black voters in the City of Prairie View experienced during early voting in 2018; and (b) the reoccurring flaws inherent in Waller County's current process for providing early voting access, including Defendants' refusal to consult PVAMU students and Defendants' unfettered discretion to select early voting *locations*. Because complete relief can be accorded with existing Defendants, PVAMU is neither a necessary nor an indispensable party. And even if this Court considered PVAMU an indispensable party—which it is not—sovereign immunity would not prevent it from being joined. Plaintiffs, therefore, are entitled to relief on all of their claims, and this Court has the authority to grant it.

## ARGUMENT AND AUTHORITIES

I. **HB1888 Does Not Moot Plaintiffs' Claims.**

Defendants' claim that HB1888 moots Plaintiffs' requested relief is easily defeated. ECF No. 73 at 22-23.[1] Defendants misperceive both the nature of mootness and Plaintiffs' requested relief. A case becomes "moot only when it is impossible for a court to grant . . . any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012). There are no mootness concerns here, however, because HB1888 does not fully address Plaintiffs' claims. Three points illustrate this.

*First*, injunctive relief requiring Defendants to establish early voting locations that are accessible to Plaintiffs remains necessary. Defendants concede that HB1888's narrow scope merely establishes the *minimum* number of hours and requires uniformity at early voting locations only *after* such locations have been selected. *See* ECF No. 73 at 22-23. HB1888 does not provide any guidance about the criteria or processes counties should use to select early voting locations. Under HB1888, Defendants thus retain the same unfettered discretion to set early voting locations discriminatorily as they did in fall 2018.

Defendants have exercised this discretion by repeatedly ignoring and being unresponsive to Black PVAMU students' concerns about the need for adequate and non-discriminatory early voting access, including students' requests for early voting at on-campus locations such as the Memorial Student Center ("MSC"). As Plaintiffs' factual and expert evidence reveals, Black PVAMU students face unique socioeconomic

---

[1] References to page numbers in docket entries refer to ECF file-stamped page numbers.

disadvantages and lack access to transportation as compared to white, older voters elsewhere in Waller County. ECF No. 77-1 at 230-33. These disadvantages make traveling to early voting locations off-campus, like the Waller County Community Center, uniquely difficult for Black PVAMU student voters and Black voters in the City of Prairie View. *Id.* at 39-41, 181-86. Indeed, Defendants were aware of these well-documented barriers for years before 2018. *Id.* at 33-34, 78.

Yet, Defendants failed to address these concerns and mitigate the discriminatory allocation of early voting access even though they had sufficient resources to provide more early voting on-campus at the MSC for the fall 2018 election. Instead, they attempted to conceal their discriminatory actions by offering tenuous, shifting, and unsubstantiated rationales. ECF No. 77 at 6-7, 16-17. Defendants relied on these pretextual justifications to deny any proposed changes that would have addressed the lack of equal early voting access for Black PVAMU students, particularly as compared to what was provided to white, older voters elsewhere in Waller County.

And Defendants have carried forward their discrimination against Black PVAMU students and other Black voters in the City of Prairie View since the November 2018 election. Following HB1888's enactment in September 2019, Defendants have refused to provide on-campus early voting during any election in Waller County, including for the November 2019 general and March 2020 primary elections. ECF No. 77 at 26. They have also refused to provide on-campus early voting for the upcoming primary runoff. *See 2020 Joint Primary Runoff Election*, https://www.co.waller.tx.us/upload/page/0172/2020/Primary%20Runoff/2020%20PRIMARY%20RUNOFF%20EV%20AND%20ED.pdf.

*Second*, Plaintiffs seek a declaratory judgment that Defendants violated Plaintiffs' constitutional and statutory rights by allocating early voting access in a discriminatory manner for the fall 2018 elections. Indeed, Defendants Duhon and Eason admitted that this schedule did not provide "equal representation" and created "an inequity." ECF No. 77-1 at 92-93. A declaratory judgment here serves as a prophylactic remedy against future discrimination because it is an important factor in the adjudication of future discrimination claims. *LULAC v. Perry*, 548 U.S. 399, 426 (2006) (identifying "the history of voting-related discrimination in the State" as one potential factor that a plaintiff may show in a totality of circumstances analysis to prove a Section 2 claim).

*Third*, HB1888 is silent about the process for developing an early voting schedule. Defendants admit that they solely rely on the Waller County Democratic and Republican Party chairs—an uncommon practice not required by Texas election law—for establishing their early voting plans, and that the party chairs are given an early opportunity to provide input and review in a non-public process before the plan is submitted to Defendant Commissioners Court for approval. ECF No. 77-1 at 117-18. This process is broken, non-transparent, and unresponsive to the needs of all Waller County residents, including the protected class of young, Black student voters and other Black voters. As Plaintiffs' factual and expert evidence establishes: (1) the party chairs do not consider or solicit input from any Waller County residents, ECF No. 73-2 at 28-29; ECF No. 77-1 at 162-63; (2) the party chairs create the schedule *before* students are on-campus to participate in the selection process, ECF No. 77 at 83-89, 103; and (3) Defendant Duhon admitted that "a lot of

students" were unrepresented by party officials because they "do not identify as a Democrat or a Republican," *id.* at 102. This process also departs from best practices. *Id.* at 180-81.

Despite these concerns being repeatedly raised in public fora with Defendants since 2016, Defendants refuse to consult with PVAMU students and other Waller County residents in the development of their early voting plans. Defendants have also acted irrespective of Waller County's past election data that they claim to rely upon, which shows that PVAMU students (a) rely on early voting and use it at high rates and (b) account for a third of Waller County's registered voters and live in the most populous precinct. ECF No. 77 at 5, 15-16, 18. These failures begin to explain why Commissioner Amsler publicly stated that a conversation about PVAMU students being treated unfairly "comes up every time" during preparation for elections, ECF No. 77-1 at 93, and Defendant Eason publicly recommended a more standardized and inclusive process so residents throughout the County have a voice in the process, *id.* at 92-93. Defendants continue to rely on this broken process for setting early voting schedules instead of working transparently and inclusively with Plaintiffs and other PVAMU students to establish non-discriminatory plans.

Injunctive relief establishing a collaborative and inclusive process is necessary to remedy these longstanding and ongoing harms. Without declaratory and injunctive relief, Plaintiffs face a substantial—and predictable—likelihood of continued harm because Defendants are capable of repeatedly setting discriminatory early voting schedules, including locations, and evading any meaningful review through their persistent reliance on a broken process. *See Honig v. Doe*, 484 U.S. 305, 318 (1988) (holding that claims are not moot if a defendant's actions are "capable of repetition, yet evading review").

For these reasons, Plaintiffs have live, concrete interests in obtaining relief from Defendants' constitutional and statutory violations, none of which are fully addressed by HB1888. Accordingly, this Court has the authority to: (1) issue a declaratory judgment on all Plaintiffs' claims, (2) order Defendants to select at least one early voting location on PVAMU's campus,[2] *see United States v. Palmer*, 356 F.2d 951, 952 (5th Cir. 1966) (requiring election officials to set the times and place for voter registration); *Brown v. Dean*, 555 F. Supp. 502, 506-07 (D.R.I. 1982) (requiring election officials to set the times and place for voting); *Spirit Lake Tribe v. Benson Cty.*, No. 2:10-cv-095, 2010 WL 4226614 *6 (D.N.D. Oct. 21, 2010) (same); (3) order Defendants to ensure that at least one PVAMU student representative among other community members is involved in the process for setting an early voting schedule, *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("[T]he scope of a district court's equitable . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal citations omitted); *see Floyd v. City of New York*, 959 F.Supp.2d 668, 686, 687-88 (S.D.N.Y. 2013) (ordering remedial community input as a "vital part of a sustainable remedy" to the plaintiffs' harms); and (4) order prophylactic relief through the bail-in provision of Section 3 of the Voting Rights Act ("VRA").

## II. PVAMU is Neither a Necessary nor an Indispensable Party to this Lawsuit.

Defendants claim that injunctive relief ordering a polling location at the MSC against existing Defendants would be insufficient. ECF No. 73 at 23. Because Defendants

---

[2] For at least the fall 2020 election, Plaintiffs maintain that the on-campus site should be the MSC, especially with students returning to campus for the first time in five months, and to accommodate necessary precautions to account for the COVID-19 pandemic.

assert that PVAMU controls the MSC, they contend that PVAMU is an indispensable party and must be joined in this lawsuit for any relief concerning on-campus early voting. *Id.*

But Defendants fail to carry their burden to demonstrate that PVAMU is a necessary—let alone indispensable—party to this case. Under Federal Rule of Civil Procedure 19, courts employ a two-step analysis to determine whether a party should be joined in an action. *First*, a court determines whether an absent party is necessary to the litigation. *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628-29 (5th Cir. 2009). A party is deemed necessary under Rule 19(a)(1) if, in its absence, (1) "the court cannot accord complete relief among existing parties"; (2) disposition of the action may, as a practical matter, "impair or impede" the ability of the absent party to protect "an interest relating to the subject of the action"; or (3) those parties presently in the case will be "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1310 (5th Cir. 1986). Second, *if a party is deemed necessary*, a court must then analyze whether the party is indispensable—that is, whether the lawsuit should be dismissed if that party cannot be joined. *Id.*

Defendants have failed to carry their initial burden under the first step of the analysis to prove that PVAMU is a necessary party for this Court to order on-campus early voting. Defendants have thus far speculated—without undertaking any Rule 19 analysis—that this Court cannot issue relief over the siting of a future early voting location because Defendants do not control PVAMU's facilities. But that is a non sequitur for two reasons. First, Defendant Duhon admitted in his deposition that most other early voting locations in Waller County are not controlled or owned by the County. ECF No. 73-2 at 129, 216:11-

14. Yet Defendants have ordered early voting at these locations, including the on-campus MSC, without any need for a court order against the owner of the facilities. There is no permissible reason for Defendants to subject proposed early voting facilities on the PVAMU campus to a more demanding standard than other early voting facilities.

Second, Defendants have introduced no evidence suggesting that PVAMU would refuse to host early voting in the absence of a court order. To the contrary, PVAMU students and administrators have consistently advocated in favor of hosting an on-campus early voting site. PVAMU is willing and able to provide expanded early voting opportunities in 2020 and beyond. *See* ECF No. 77-1 at 745 ("In fact, we are prepared to accommodate all voters who are eligible to participate in early voting on-campus, including during the homecoming week."). Through the existing evidentiary record here, PVAMU has thus shown that it is willing and able to comply with an order by this Court to locate an early voting site on-campus for up to the full two weeks under Texas law.

Under Rule 19(a), Defendants have therefore not carried their burden to demonstrate that PVAMU is a necessary party for this Court to order on-campus early voting. This Court, therefore, need not engage in the second step of the Rule 19 analysis, which requires assessing four factors for indispensability. *See Hood ex rel. Miss.*, 570 F.3d at 628-29. Nevertheless, if this Court deems PVAMU a necessary party, Defendants have failed to demonstrate that any of the four factors in Rule 19(b) support their claim that PVAMU is an indispensable party for injunctive relief requiring early voting on campus. Under Rule 19(b)'s first factor, PVAMU would not suffer any prejudice because PVAMU has repeatedly confirmed it is willing and able to provide expanded early voting opportunities

in 2020 and beyond. *See* ECF No. 77-1 at 745-47. Because there is no prejudice, there is no need to consider reducing or eliminating prejudice under the second factor. Under the third factor, complete relief to remedy Defendants' constitutional and statutory violations can be accorded without PVAMU. Concerning the fourth factor, Plaintiffs will not have an adequate remedy if this Court dismisses this action for non-joinder.

Thus, PVAMU is neither a necessary nor an indispensable party for requiring on-campus early voting. PVAMU's non-joinder is consistent with Rule 19 because this case "can be fairly and completely disposed of" with existing parties. *Pulitzer*, 784 F.2d at 1308. But if this Court decides PVAMU is indispensable, dismissing any of Plaintiffs' claims is not warranted. Instead, this Court can join PVAMU's President in her official capacity.

### III. Even if PVAMU Were Indispensable, Sovereign Immunity Is No Bar to Joinder.

Defendants assert that joining PVAMU, if necessary, would not be feasible because PVAMU is an entity of the state and, therefore, "shielded by Eleventh Amendment immunity." ECF No. 73 at 23. But that argument is inconsistent with binding precedent.

All four of Plaintiffs' claims fit squarely within the *Ex parte Young* exception to Eleventh Amendment sovereign immunity, which allows a federal court to "enjoin state officials to conform their future conduct to the requirements of federal law." *Quren v. Jordan*, 440 U.S. 332, 337 (1979). The Fifth Circuit has held that Congress's passage of the VRA "validly abrogated state sovereign immunity." *OCA-Greater Houston v. Tex.*, 867 F.3d 604, 614 (5th Cir. 2017). Indeed, the Fifth Circuit rejected a sovereign immunity defense proffered by Texas and state elections officials, holding that "[s]overeign immunity has no role to play" in a VRA suit seeking declaratory and injunctive relief. *Id.*

Those same considerations govern the analysis here. PVAMU would not be immune from injunctive relief requiring on-campus early voting under Plaintiffs' VRA Section 2 discriminatory results or purpose claims, the latter of which uses the same *Arlington Heights* analysis as Plaintiffs' constitutional claims.

Moreover, under the Supreme Court's *Ex parte Young* exception to Eleventh Amendment sovereign immunity, a party may "sue a state official, in his [or her] official capacity," when the official has "some connection to the state law's enforcement." *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 515, 517 (5th Cir. 2017). The official's connection to the challenged law's enforcement need not be direct. *City of Austin v. Paxton*, 943 F.3d 993, 1001 (5th Cir. 2019). Here, injunctive relief requiring on-campus early voting would remedy "an ongoing violation of federal law" that is "properly characterized as prospective." *Va. Office for Prot. and Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (citation omitted). And this Court could find that PVAMU has "some connection" concerning this injunctive relief because it has control over on-campus locations, such as the MSC, that are suitable for early voting. Thus, if PVAMU is deemed an indispensable party, this Court should not dismiss the lawsuit, but rather join PVAMU's President in her official capacity, as a party not immune from suit under *Ex parte Young*.

## CONCLUSION

For the reasons set forth above, a live controversy is before this Court. Plaintiffs' harms can be fully redressed and their requested relief granted without the joinder of PVAMU. But even if the Court deems PVAMU an indispensable party, it does not follow that sovereign immunity prevents joinder or necessitates dismissal of Plaintiffs' claims.

Respectfully submitted on June 19, 2020,

**Of Counsel:**

*/s/ Leah C. Aden*
Leah C. Aden*
Deuel Ross*
Kristen A. Johnson*
John S. Cusick*
Steven C. Lance*
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
laden@naacpldf.org
dross@naacpldf.org
kjohnson@naacpldf.org
jcusick@naacpldf.org
slance@naacpldf.org

Catherine Meza*
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

Adam T. Schramek (SDTX 31913)
State Bar No. 24033045
Attorney-in-Charge
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison (SDTX 3017799)
 State Bar No. 24092434
Nicole Lynn (SDTX 3041738)
 State Bar No. 24095526
Tyler E. Ames (SDTX 3486420)
 State Bar No. 24116028
NORTON ROSE FULBRIGHT US LLP
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
julie.harrison@nortonrosefulbright.com
nicole.lynn@nortonrosefulbright.com

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2020, a true and correct copy of the foregoing document was served on all counsel of record through the Court's Electronic Case Filing (ECF) system.

/s/ Leah C. Aden
Leah C. Aden
