IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY, <br>    *Plaintiffs*, <br><br> v. <br><br> WALLER COUNTY, TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, <br>    *Defendants*. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:18-CV-3985 |

## SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE CHARLES R. ESKRIDGE, III:

  Defendants respectfully submit the following supplemental briefing in response to the Court's directive at the June 6th hearing on Defendants' Motion for Summary Judgment for the parties to address three specific questions: 1) Is the dispute moot in light of the intervening passage of H.B. 1888, 2) Is PVAMU a necessary to party to Plaintiffs' request for injunctive relief, and 3) Whether, as an arm of the state, PVAMU would have immunity from the injunctive relief requested.

  While Defendants maintain that the evidence unequivocally establishes that Waller County's early voting schedule for the 2018 general election had neither the effect nor the

1

intent of abridging the rights of Black or young voters, the Texas Legislature extinguished any live controversy over the setting of early voting schedules through the intervening adoption of Texas House Bill 1888 ("H.B. 1888"). That enactment replaces local discretion to set early voting schedules with the statewide mandate that each temporary branch polling location must be open for at least eight hours on each weekday of the early voting period. In keeping with that mandate, Waller County has scheduled early voting for the same days and times at every early voting polling location in the County, including the Waller County Community Center at the edge of the Prairie View A&M University campus, in each election since the filing of this lawsuit. Plaintiffs have not amended their allegations to challenge the legal sufficiency of the standardized hours provided by H.B. 1888 or Waller County's early voting schedules in any of these elections. Thus, there exists no cognizable present harm to be enjoined or declared in regard to early voting in Waller County, and Plaintiffs' requested relief is moot.

Indeed, Plaintiffs appeared to concede at the summary judgment hearing that H.B. 1888 did implement an adequate, standardized early voting schedule, and shifted instead to their fallback position that H.B. 1888 does not dictate the selection of early voting poll *locations*. But Plaintiffs' position on polling locations is inconsistent: while they clearly have a preference for a polling location on campus at the Memorial Student Center (MSC), they acknowledged at the hearing that an off-campus location could be sufficient, as well. Defendants agree, and Waller County has held early voting at the Waller County Community Center—a 0.35-mile walk from the MSC and the most conveniently located off-campus public building to PVAMU—since before the 2018 general election.

Regardless, even if Plaintiffs could show an entitlement to injunctive relief mandating the County conduct early voting in the Memorial Student Center or other PVAMU-owned building, PVAMU would be a necessary party to that relief because such an order would to impede or impair the University's property rights by controlling the use of state facilities. Furthermore, under the Rules of Federal Procedure, an injunction binds only the parties, the parties' representatives, and other persons in active concert or participation with the parties; PVAMU is none of these. Therefore, the Court cannot effectively afford the relief Plaintiffs seek without joining PVAMU. However, the Eleventh Amendment shields PVAMU from joinder in this suit absent an applicable waiver of immunity, of which none is present here. As a result, the injunctive relief sought by Plaintiffs is not only moot, it simply cannot be effectuated among either the existing parties or the parties that feasibly could be added to this suit.

**A.  Plaintiffs' requests for prospective injunctive relief are moot in light of H.B. 1888.**

The Fifth Circuit has found it "beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined." *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) (citing *Seafarers Int'l Union of N. Am. v. National Marine Servs., Inc.*, 820 F.2d 148, 151–52 (5th Cir.1987) ("[O]nce the action that the plaintiff sought to have enjoined has occurred, the case is mooted because 'no order of this court could affect the parties' rights with respect to the injunction we are called upon to review.'"). Applying this general rule to the case at hand, Plaintiffs' claims for injunctive relief are indeed moot.

First, Plaintiffs ask the Court to order Defendants "to provide at least parity, standardized, or otherwise adequate early voting hours to Prairie View and PVAMU as compared to other Waller County cities." (Dkt. 49, p. 28.). It is undisputed, however, that H.B. 1888 mandates precisely such a schedule by requiring counties such as Waller to hold early voting at each temporary branch voting location on each day of the early voting period for at least eight hours. TEX. ELEC. CODE 85.064(b). And it is undisputed that in each of the elections since the passage of the bill, Waller County has provided early voting at the Community Center at the edge of the PVAMU campus at the same times as the early voting locations in the other three county precincts. *See* Dkt. 77 at 26, citing previous election schedule; *see also e.g.,* https://www.co.waller.tx.us/page/Front%20Page. Thus, any alleged harm to be enjoined from the 2018 schedule (of which there was none anyway) would nevertheless have been resolved by H.B. 1888, and the Court cannot enjoin that which has already taken place. *Harris*, 151 F.3d at 189; *see also*, *De la O v. Housing Authority of City of El Paso, Tex.*, 417 F.3d 495, 499 (5th Cir. 2005) (a request for injunctive relief remains live only so long as there is some present harm left to enjoin.). Likewise, as H.B. 1888 now dictates the early voting hours, both in Prairie View and in the other polling locations in Waller County, Plaintiffs' requested injunction "[o]rdering Defendants to ensure that… a representative of PVAMU students is involved in the process for setting an early voting schedule" would also not resolve any live controversy between the parties. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir.2003) ("To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future").

Second, to the extent Plaintiffs might argue that H.B. 1888 only sets minimum hours or "still affords Defendants discretion to open or close early-voting locations and to do so discriminatorily," any suggested harm from those contentions is purely hypothetical. *See Cent. & Sw. Servs., Inc., v. EPA*, 220 F.3d 683, 701 (5th Cir. 2000) (finding action moot where "theory of injury [was] predicated upon the occurrence of a string of future hypotheticals" because there was no evidence to "suggest that any of the[] predicate events [were] likely to occur"); *see Vivian Tankships Corp. v. Louisiana*, 254 F.3d 280 (5th Cir. 2001) (hypothetical harm cannot defeat mootness). Waller County has strictly adhered to the statutorily-required voting hours since the Legislature passed H.B. 1888, and there is no evidence or suggestion of any plan to depart from those practices. Moreover, the County's use of the campus-adjacent Waller County Community Center as a polling location in Prairie View predates the 2018 general election, and there is no basis to conclude that the County plans to close that location. Consequently, Plaintiffs' request for the Court to enter injunctive relief based solely on something the Plaintiffs suggest the County *could in theory* do, merely invites an impermissible advisory opinion on a purely speculative set of facts. *See Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978) ("The federal courts are not empowered to issue advisory opinions 'on an abstract or hypothetical question.'") (internal citation omitted).

Therefore, in answer to the Court's first question, Plaintiffs' requests for injunctive relief surrounding the setting of the early voting schedule in Waller County are moot in light of H.B. 1888. And though Plaintiffs correctly note that they still seek the bail-in remedy under Section 3(c) of the Voting Rights Act, even if they could establish an

entitlement to that remedy, which they cannot, the potential availability of Section 3(c) remedies does not enliven Plaintiffs' requests for injunctive relief. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' requested injunctive relief.

### B. PVAMU is a required party to any relief dictating the use of its property and facilities.

Addressing the Court's second and third questions: PVAMU is required party to any claim for injunctive relief requiring the use of its campus or facilities because such relief would necessarily seek to control its property rights, but cannot feasibly be joined because there is no applicable waiver of immunity to permit hauling it into Court when there is no allegation that it violated the Voting Rights Act.

Federal Rule of Civil Procedure 19 establishes a two-part inquiry for determining whether an action should be dismissed for failure to join a necessary party. The Court first determines whether the party is "required." A party is required when (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).

To the extent Plaintiffs seek an affirmative injunction mandating the use of a PVAMU facility for early voting—again relief to which they are not entitled—then PVAMU is a required party under either prong of Rule 19(a)(1). The Texas A&M University System is statutorily vested with control over its component facilities, including

6

PVAMU, which it either exercises directly or delegates to the component through the System's rules and bylaws. *See* TEX. EDUC. CODE §§ 85.21, 87.102. As such, any order requiring the use of PVAMU property would have to bind the University and therefore could not be afforded in its absence. FED. R. CIV. P. 19(a)(1)(A); *see also* FED. R. CIV. P. 65(d)(2) (stating that an injunction is only binding on the parties to a suit, the parties' agents, and those in active concert or participation with the parties; PVAMU satisfies none of these criteria).

Moreover, the entry of Plaintiffs' requested relief in the absence of PVAMU would plainly impair or impede the University's ability to protect its property interests and would leave Defendants with the inconsistent obligation of using property for which it has no legal right of control. FED. R. CIV. P. 19(a)(1)(B). The Plaintiffs might note that the Texas Election Code provides for the use of public buildings as polling locations, where practicable, and states that the entity that controls a particular building shall make the building available for use as a polling location. TEX. ELEC. CODE § 43.031(c). That statute, however, applies to election-day polling places, which are established under chapter 43 of the Election Code and are in use for a single day. Early voting sites, which are in use over a two-week period, are governed by chapter 85, which contains no corollary provision. Moreover, even as it relates to election day, the Texas Supreme Court has overturned a lower court order mandating school board trustees to permit an election in a school building under a previous version of section 43.031, holding instead that the trustees had discretion to determine whether the use of the facility was practicable. *Trustees of Indep. Sch. Dist.*

*of Cleburne v. Johnson County Democratic Executive Comm.*, 52 S.W.2d 71, 72 (Tex. 1932). Put simply, the County does not have authority to commandeer the Memorial Student Center or any other PVAMU facility for two weeks without the University's consent, which it is under no obligation to provide. Therefore, to protect PVAMU's autonomy to determine the use of its facilities and to prevent inconsistent obligations on the part of the County, PVAMU is a required party to any request for injunctive relief mandating on-campus early voting.

If the court finds a party necessary to the litigation under Rule 19(a)(1), the party must be joined if possible. However, if the party cannot be joined, the court determines whether the "action should proceed among the existing parties or should be dismissed." Rule 19(b) supplies the factors for the court to consider including (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. If an absent party is "required" and the action could not fairly proceed without the absent party, the action must be dismissed under Rule 19.

Important here, "[w]hen a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." *Sabine Pipeline Inc. v. A Permanent Easement of 4.25 +/- Acres of Land in Orange County, Texas,*

327 F.R.D. 131, 144 (E.D. Tex. 2017), *citing Enable Okla. Intrastate Transmission, LLC*, 2016 WL 4402061, at *5 (*quoting Enter. Mgmt. Consultants, Inc. v. U.S. ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989). As a state university, PVAMU possesses immunity under the Eleventh Amendment. *See Texas ex rel. Bd. Of Regents of Univ. Of Tex. v. Walker*, 142 F.3d 813, 820 n.10 (5th Cir. 1998); *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston Dental Branch*, 217 Fed. Appx. 391, 392 (5th Cir. 2007); *United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.*, 544 Fed. Appx. 490 (5th Cir. 2013); *see also Pendleton v. Prairie View A&M Univ.*, 121 F.Supp.3d 758, 762-63 (S.D. Tex. 2015) (barring under the Eleventh Amendment plaintiff's Texas Labor Code claim against a Texas A&M University component institution).

"When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity." *Sissom v. University of Texas High School*, 927 F.3d 343, 347 (5th Cir. 2019). Thus, PVAMU and its officials are immune from suits pursuant to 42 U.S.C. § 1983 for violations of the 14th, 15th, or 26th Amendments. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-67 (1989). And the *Ex Parte Young* exception would not apply here, as Plaintiffs make no allegation that a PVAMU has violated any federal law. Similarly, while the Voting Rights Act permits suit against a state or political subdivision for a voting qualification, or prerequisite to voting, standard, practice, or procedure, there is no apparent basis in the statute for joining a state university for purposes of injunctive relief requiring it to offer its facilities for use in on-campus voting by another political subdivision. *See* 52 U.S.C. §

10301. As such, immunity precludes the joinder of PVAMU in this action, and there is no need for further balancing under Rule 19(b). *Sabine Pipeline Inc.,* 327 F.R.D. at 144.

Nevertheless, the 19(b) factors also dictate dismissal of Plaintiffs' request for a permanent injunction mandating on-campus voting. As shown above, the requested injunction would not be binding on PVAMU as a non-party and would prejudice both the Defendants and the University. More importantly, Plaintiffs have not established any abridgment of the right to vote, much less that on-campus voting is necessary to an adequate remedy. To the contrary, as Plaintiffs' counsel acknowledged at the summary judgment hearing, there are suitable off-campus alternatives, as well. The Waller County Community Center, is precisely such an alternative.

In sum, not only did Waller County provide early voting well in excess of constitutional and statutory minimums for the 2018 general election, H.B. 1888 has now completely alleviated Plaintiffs' tenuous concerns regarding non-uniform early voting days and hours. Plaintiffs have not raised a genuine issue of fact establishing abridgment under the 2018 schedule, and do not even allege abridgement based on the early voting schedules thereafter. Thus, as it stands today, Plaintiffs' complaint is not one of a cognizable abridgment but of a subjective preference for the convenience of voting in the Memorial Student Center, rather the Waller County Community Center a short walk away. Defendants re-urge the granting of their summary judgment in its entirety, or in the alternative, ask that the Court dismiss Plaintiffs' mooted claims for injunctive relief.

Dated: June 19, 2020.

Respectfully submitted,

C. ROBERT HEATH
Texas State Bar No. 09347500
Southern District No. 13381
*bheath@bickerstaff.com*

By: */s/ Gunnar P. Seaquist*
GUNNAR P. SEAQUIST
Texas State Bar No. 24043358
Southern District No: 1140733
*gseaquist@bickerstaff.com*

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on June 19, 2020, a true and correct copy of the foregoing document was served on all counsel of record via the electronic case filing system of the United States District Court for the Southern District of Texas.

*/s/ Gunnar P. Seaquist*
Gunnar P. Seaquist