**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, § <br> RAUL SANCHEZ, TREASURE SMITH, § <br> and THE PANTHER PARTY, § <br> *Plaintiffs*, § <br> § <br> V. § <br> § Civil Action No. 4:18-CV-3985 <br> WALLER COUNTY TEXAS; THE § <br> WALLER COUNTY COMMISSIONERS § <br> COURT; JUDGE CARBETT "TREY" J. § <br> DUHON III, in his official capacity as the § <br> Waller County Judge; and CHRISTY A. § <br> EASON, in her official capacity as the § <br> Waller County Elections Administrator, § <br> *Defendants*. § | |

## DEFENDANT JUDGE TREY DUHON'S FIRST SUPPLEMENTAL RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

TO: Plaintiffs, Jayla Allen, Damon Johnson, Raul Sanchez, Treasure Smith, and the Panther Party, c/o their counsel of record:

Leah C. Aden, Deuel Ross, Kristen A. Johnson, John S. Cusick, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 40 Rector Street, 5th Floor, New York, New York 10006, Phone: (212) 965-2200, Fax: (212) 226-7592, laden@naacpldf.org, dross@naacpldf.org, kjohnson@naacpldf.org, jcusick@naacpldf.org

Catherine Meza, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 700 14th Street NW, Suite 600, Washington, DC 20005, Phone: (202) 682-1300, Fax: (212) 226-7592, cmeza@naacpldf.org

Adam T. Schramek, NORTON ROSE FULBRIGHT US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, Telephone: (512) 474-5201, Facsimile: (512) 536-4598, adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison, Nicole Lynn, NORTON ROSE FULBRIGHT US LLP, 1301 McKinney Street, Suite 5100, Houston, Texas 77010, Telephone: (713) 651-5151, Facsimile: (713) 651-5246, julie.harrison@nortonrosefulbright.com, nicole.lynn@nortonrosefulbright.com

William F. Calve, NORTON ROSE FULBRIGHT US LLP, 300 Convent Street, Suite 2100, San Antonio, Texas 78205-3792, Telephone: (210) 270-7132, Facsimile: (210) 270-7205, william.calve@nortonrosefulbright.com

COMES NOW, Defendant, Judge Carbett "Trey" J. Duhon III, Waller County Judge ("Judge Duhon") in the above-styled matter and, pursuant to the Federal Rules of Civil Procedure, serves this Response and Objections to Plaintiffs' First Set of Interrogatories.

        Respectfully submitted,

        BICKERSTAFF HEATH
        DELGADO ACOSTA LLP
        3711 South MoPac Expressway
        Building One, Suite 300
        Austin, Texas 78746
        512-472-8021 (Telephone)
        512-320-5638 (Facsimile)

By:   */s/ Gunnar P. Seaquist*
        Gunnar P. Seaquist
        Texas State Bar No. 24043358
        Southern District No: 1140733
        gseaquist@bickerstaff.com
        C. Robert Heath
        Texas State Bar No. 09347500
        Southern District No. 13381
        bheath@bickerstaff.com

        **ATTORNEYS FOR ALL DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on June 14, 2019, a true and correct copy of the foregoing document was served on all counsel of record via email.

        */s/ Gunnar P. Seaquist*
        Gunnar P. Seaquist

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail all processes and procedures by which Defendant Duhon proposed, considered, adopted, revised, or proposed revisions to the early voting plans for the 2018 general election, and state the dates of all such actions. To be responsive to this Interrogatory, your description must include, but not be limited to, any and all actions by Defendant Duhon proposing, considering, or deciding the locations at which early voting would be offered and the number of early voting hours and days that would be provided at each location, and must explain how, when, and by whom any schedules of early voting locations, hours, and days were proposed, considered, and approved.

**RESPONSE:** As a general matter, the County's Election Administrator and staff prepared a draft proposal after discussions with the party chairs for the county. That proposal was then submitted to party chairs for approval and, once agreed, is then submitted to the Commissioners Court for consideration and adoption. The initial proposal for the November 2018 election included early voting hours at the Memorial Student Center during the first week of early voting. However, due to concerns about Prairie's View's Homecoming, which were raised by the Democratic Party Chair, election staff modified the proposal to move early voting at the Memorial Student Center to the second week of early voting. Both party chairs approved the revised proposal, which was then adopted/approved by Commissioners Court on September 5, 2018 as part of a comprehensive order calling the general election.

Subsequently, at a regularly called Commissioners Court meeting on October 10, 2018, Election Administrator, Christy Eason, proposed additional voting hours on the last Sunday of early voting, which was October 28, 2018, from 12:00 p.m. to 5:00 p.m., at the early polling locations at the Waller County Courthouse, in the north end of the County, and at the Brookshire Library, in the south end of the County. Ms. Eason explained that these locations were selected to provide additional Sunday voting hours in both the north and south ends of the County. The Commissioners Court unanimously approved the addition of the suggested hours.

The Commissioners Court met in a public meeting on October 17, 2018 to consider additional changes to the early voting hours at the Prairie View A&M Campus. The meeting allowed for public input, and a handful of speakers made comments to the Commissioners Court. After a lengthy discussion of potential changes to the early voting hours, there was no consensus and no additional changes were made.

After the filing of this lawsuit, the Commissioners Court called a special meeting on October 24, 2018. at which it voted to extend early-voting hours in Prairie View. To ensure an orderly election and avoid the risk of undue interruption, and as a show of good faith to the Plaintiffs and the PVAMU community, the Commissioners Court voted to extend the hours on the three previously-scheduled days for early voting at the Memorial Student Center to 7:00 a.m. to 7:00 p.m. The Commissioners Court also added early voting at the Prairie View City Hall on Sunday, October 28, 2018, from 12:00 p.m. to 5:00 p.m.

In addition to the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be further determined by examining, auditing, compiling, abstracting or

summarizing the business records of the County, including the agendas, meeting minutes, and video recordings of the Commissioners Court Meetings on August 22, 2018, September 5, 2018, September 19, 2018, September 26, 2018, October 10, 2018, October 17, 2018, October 24, 2018, and November 19, 2018, each of which are publicly available through the County's website at the same or substantially the same burden to Plaintiffs as Defendants. The identified records may be accessed through the "Commissioners Court" tab on the Commissioners Court webpage, which is located at http://www.co.waller.tx.us/page/Commiss.Court.

**INTERROGATORY NO. 2:** Describe in detail all processes and procedures by which Defendant Duhon proposed, considered, adopted, revised, or proposed revisions to the early voting plans for all other elections from January 2010 through the 2018 primary election, and state the dates of all such actions. To be responsive to this Interrogatory, your descriptions must include, but not be limited to, any and all actions by Defendant Duhon proposing, considering, or deciding the locations at which early voting would be offered and the number of early voting hours and days that would be provided at each location, and must explain how, when, and by whom any schedules of early voting locations, hours, and days were proposed, considered, and approved.

**RESPONSE:** Defendant objects that this request is overbroad in time and scope, as it is not limited to the processes and procedures used by the current Commissioners Court. Past processes and procedures employed by earlier Commissioners Courts are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant Duhon further objects that he has only been the County Judge since 2015 and therefore lacks personal knowledge of all the processes and procedures used in earlier elections.

Defendant generally responds that the processes and procedures identified in response to Interrogatory No. 1 are the same as, or substantially similar to, those employed by the current Commissioners Court in prior elections and primaries. In addition to the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be further determined by examining, auditing, compiling, abstracting or summarizing the business records of the County, which are bates labeled DEFENDANTS 000010-000158 and 000168-000582, and produced with these responses.

**First Supplemental Response**: In addition to the foregoing, Defendant also refers you to the documents bates labeled DEFENDANTS 000593-000724, which are being produced with this supplemental response.

**INTERROGATORY NO. 3:** State the number of voting machines that were in Waller County's possession on each day of the early voting period and on Election Day for the 2018 general election, and describe where each of these machines was located on each day of the early voting period and on Election Day.

**RESPONSE:** Pursuant to Federal Rule of Civil Procedure 33(d) the answer to this interrogatory may be ascertained by examining, auditing, compiling, abstracting or summarizing the business

4

records of the County, in particular the documents bates labeled DEFENDANTS 000003, and produced with these responses.

**INTERROGATORY NO. 4:** Explain in detail the criteria the Defendant Duhon relied on to propose, consider, determine, or revise early voting hours and locations for the 2018 general election.

**RESPONSE:** To the extent this request calls for the subjective individual thoughts or mental processes of members of Commissioners Court, Defendant objects that it impermissibly invades the legislative privilege.

Subject to the foregoing assertion of privilege, and preserving the same, the following factors are considered in the proposal of early voting locations and hours:

1. The population of registered voters in the polling precinct, including the number of those voters whose registration is "in suspense."

2. Historical turnout in the precinct.

3. How heavily contested the election is, as demonstrated by how many opposed races are on the ballot.

4. Number and availability of poll workers.

5. Time required to train poll workers.

6. Number of controller and voting units, their distribution across polling locations, and their distribution between early voting and election day voting.

7. Accessibility, ease of use, parking, and security for various locations. There is a preference for county-owned and/or controlled locations because the County is able to control access and security to the building. Locations that are not County-owned frequently present issues because the County has to rely on a third party to let election workers into the polling location and to lock up after voting.

In addition to the foregoing, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be further determined by examining, auditing, compiling, abstracting or summarizing the business records of the County, which are bates labeled DEFENDANTS 000159-000167, and produced with these responses.

**First Supplemental Response**: In addition to the foregoing, Defendant also refers you to the documents bates labeled DEFENDANTS 000003, which was produced with Defendant's original response and objections to Plaintiff's First Set of Interrogatories.

**INTERROGATORY NO. 5:** List all the information relied upon by the Defendant Duhon to propose, consider, or determine early voting hours and locations for the 2018 general election, and the sources of that information.

**RESPONSE:** Defendant objects to this request as overbroad and unduly burdensome in that it seeks to have Defendant exhaustively list in a narrative every piece of information that may have informed the proposed early voting locations and hours. Further, to the extent this request calls for the subjective individual thoughts or mental processes of members of Commissioners Court, Defendant objects that it impermissibly invades the legislative privilege.

Subject to the foregoing objections, and preserving the same, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing the business records of the County, including the agendas, meeting minutes, and video recordings of the Commissioners Court Meetings on August 22, 2018, September 5, 2018, September 19, 2018, September 26, 2018, October 10, 2018, October 17, 2018, October 24, 2018, and November 19, 2018, each of which are publicly available through the County's website at the same or substantially the same burden to Plaintiffs as Defendants. The identified records may be accessed through the "Commissioners Court" tab on the Commissioners Court webpage, which is located at http://www.co.waller.tx.us/page/Commiss.Court.

In addition, Defendant refers Plaintiff to its response to Interrogatory No. 4 above.

**INTERROGATORY NO. 6:** Explain what steps Defendant Duhon took to ensure that the criteria and information that he relied upon to propose, consider, or determine early voting hours and locations for the 2018 general election represented and met the needs of all Waller County voters, including those who are not members of any political party.

**RESPONSE:** Defendant refers Plaintiffs to its responses to Interrogatories 1, 4, and 5, herein. The County's election staff proposes early voting locations based on non-partisan factors pertaining to the historic needs and suitability of a given location. Thus, although the proposal was agreed to and supported by the local party chairs for both the Democratic and Republican parties, it is based on criteria aimed at ensuring early voting opportunities for all voters throughout the County.