PLAINTIFF'S EXHIBIT 48

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY, <br>     *Plaintiffs*, <br><br> V. <br><br> WALLER COUNTY TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, <br>     *Defendants*. | § § § § § § § § § § § § § § § § Civil Action No. 4:18-CV-3985 |

## DEFENDANT JUDGE TREY DUHON'S RESPONSE AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS

TO:     Plaintiffs, Jayla Allen, Damon Johnson, Treasure Smith, and the Panther Party, c/o their counsel of record:

Leah C. Aden, Deuel Ross, Kristen A. Johnson, John S. Cusick, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 40 Rector Street, 5th Floor, New York, New York 10006, Phone: (212) 965-2200, Fax: (212) 226-7592, laden@naacpldf.org, dross@naacpldf.org, kjohnson@naacpldf.org, jcusick@naacpldf.org

Catherine Meza, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 700 14th Street NW, Suite 600, Washington, DC 20005, Phone: (202) 682-1300, Fax: (212) 226-7592, cmeza@naacpldf.org

Adam T. Schramek, NORTON ROSE FULBRIGHT US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, Telephone: (512) 474-5201, Facsimile: (512) 536-4598, adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison, Nicole Lynn, NORTON ROSE FULBRIGHT US LLP, 1301 McKinney Street, Suite 5100, Houston, Texas 77010, Telephone: (713) 651-5151, Facsimile: (713) 651-5246, julie.harrison@nortonrosefulbright.com, nicole.lynn@nortonrosefulbright.com

William F. Calve, NORTON ROSE FULBRIGHT US LLP, 300 Convent Street, Suite 2100, San Antonio, Texas 78205-3792, Telephone: (210) 270-7132, Facsimile: (210) 270-7205, william.calve@nortonrosefulbright.com

COMES NOW, Defendant, Judge Carbett "Trey" J. Duhon III, Waller County Judge ("Judge Duhon") in the above-styled matter and, pursuant to the Federal Rules of Civil Procedure, serves this Response and Objections to Plaintiffs' First Set of Requests for Admissions.

Respectfully submitted,

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 South MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
512-472-8021 (Telephone)
512-320-5638 (Facsimile)

By: */s/ Gunnar P. Seaquist*
Gunnar P. Seaquist
Texas State Bar No. 24043358
Southern District No: 1140733
gseaquist@bickerstaff.com
C. Robert Heath
Texas State Bar No. 09347500
Southern District No. 13381
bheath@bickerstaff.com

**ATTORNEYS FOR ALL DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that on November 22, 2019, a true and correct copy of the foregoing document was served on all counsel of record via email.

*/s/ Gunnar P. Seaquist*
Gunnar P. Seaquist

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

1. Admit that, as of October 17, 2018, the total number of registered voters in Precinct 309 was higher than the total number of registered voters in any other precinct in Waller County.

**RESPONSE:** Defendant objects that this request, which is duplicative of requests served on the County and Elections Administrator Eason, is improperly propounded on Defendant Duhon in his official capacity. Subject to the foregoing, and preserving the same, Defendant responds that after a reasonable inquiry it lacks sufficient knowledge to either admit or deny this request as the County does not have a registered voter list for October 17, 2018.

2. Admit that, as of October 17, 2018, the number of active, registered voters who were not on the "suspense list" in Precinct 309 was higher than the number of active, registered voters who were not on the "suspense list" in any other precinct in Waller County. (In other words, admit that even if "suspense" voters are excluded from each precinct's total number of registered voters, as of the November 2018 general election, there were more "non-suspense" registered voters in Precinct 309 than in any other precinct in Waller County.)

**RESPONSE:** Defendant objects that this request, which is duplicative of requests served on the County and Elections Administrator Eason, is improperly propounded on Defendant Duhon in his official capacity. Subject to the foregoing, and preserving the same, Defendant responds that after a reasonable inquiry it lacks sufficient knowledge to either admit or deny this request as the County does not have a registered voter list for October 17, 2018.

3. Admit that, in the March 2018 primary elections in Waller County, the proportion of early votes out of all votes cast by any means was higher in Precinct 309 than in any other precinct in Waller County.

**RESPONSE:** Defendant objects that this request, which is duplicative of requests served on the County and Elections Administrator Eason, is improperly propounded on Defendant Duhon in his official capacity. Defendant further objects that this request is vague and ambiguous, and fails to specify with sufficient particularity the matter to be admitted. Subject to the foregoing objections, and preserving the same, admit.

4. Admit that, in the November 2018 general elections in Waller County, the proportion of early votes out of all votes cast by any means was higher in Precinct 309 than in any other precinct in Waller County.

**RESPONSE:** Defendant objects that this request, which is duplicative of requests served on the County and Elections Administrator Eason, is improperly propounded on Defendant Duhon in his official capacity. Defendant further objects that this request is vague and ambiguous, and fails to

specify with sufficient particularity the matter to be admitted. Subject to the foregoing objections, and preserving the same, admit.

5. Admit that Waller County has a history of official, state-sanctioned discrimination against Black voters that is well documented and judicially recognized.

**RESPONSE:** Defendant objects that this request is vague and ambiguous, and fails to specify with sufficient particularity the matter to be admitted. Defendant objects that this request also fails to identify a particular timeframe or "historical period" at issue. Defendant further objects that this request impermissibly seeks to have Defendant conduct legal research. Defendant also objects that this request impermissibly seeks to have Defendant admit to a legal conclusion.

6. Admit that Waller County has a history of private discrimination against Black voters that is well documented and judicially recognized.

**RESPONSE:** Defendant objects that this request is vague and ambiguous, and fails to specify with sufficient particularity the matter to be admitted. Defendant objects that this request also fails to identify a particular timeframe or "historical period" at issue. Defendant further objects that this request impermissibly seeks to have Defendant conduct legal research. Defendant also objects that this request impermissibly seeks to have Defendant admit to a legal conclusion.

7. Admit that no current Black elected official in Waller County has been elected from a district in which the majority of voters are white persons.

**RESPONSE:** After a reasonable inquiry, Defendant can neither admit nor deny this request.

8. Admit that no current Black elected official in Waller County has been elected on an at-large or county-wide basis.

**RESPONSE:** Admit.

9. Admit that Defendant set the original schedule for early voting hours and times for the 2018 general election in Waller County by September 5, 2019.

**RESPONSE:** Deny. The original schedule for early voting hours and times for the 2018 general election in Waller County was set by the Commissioners Court, not Defendant Duhon in his official capacity as Waller County Judge.