PLAINTIFF'S EXHIBIT 51

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, TREASURE SMITH, and THE PANTHER PARTY,<br><br>    *Plaintiffs*,<br><br>V.<br><br>WALLER COUNTY TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator,<br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 4:18-CV-3985<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT CHRISTY A. EASON'S RESPONSE AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

TO:  Plaintiffs, Jayla Allen, Damon Johnson, Treasure Smith, and the Panther Party, c/o their counsel of record:

Leah C. Aden, Deuel Ross, Kristen A. Johnson, John S. Cusick, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 40 Rector Street, 5th Floor, New York, New York 10006, Phone: (212) 965-2200, Fax: (212) 226-7592, laden@naacpldf.org, dross@naacpldf.org, kjohnson@naacpldf.org, jcusick@naacpldf.org

Catherine Meza, NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., 700 14th Street NW, Suite 600, Washington, DC 20005, Phone: (202) 682-1300, Fax: (212) 226-7592, cmeza@naacpldf.org

Adam T. Schramek, NORTON ROSE FULBRIGHT US LLP, 98 San Jacinto Boulevard, Suite 1100, Austin, Texas 78701-4255, Telephone: (512) 474-5201, Facsimile: (512) 536-4598, adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison, Nicole Lynn, NORTON ROSE FULBRIGHT US LLP, 1301 McKinney Street, Suite 5100, Houston, Texas 77010, Telephone: (713) 651-5151, Facsimile: (713) 651-5246, julie.harrison@nortonrosefulbright.com, nicole.lynn@nortonrosefulbright.com

William F. Calve, NORTON ROSE FULBRIGHT US LLP, 300 Convent Street, Suite 2100, San Antonio, Texas 78205-3792, Telephone: (210) 270-7132, Facsimile: (210) 270-7205, william.calve@nortonrosefulbright.com

COMES NOW, Defendant, Christy A. Eason, Waller County Elections Administrator, in her official capacity only, ("Eason") in the above-styled matter and, pursuant to the Federal Rules of Civil Procedure, serves this Response and Objections to Plaintiffs' Second Set of Interrogatories.

    Respectfully submitted,

    BICKERSTAFF HEATH
    DELGADO ACOSTA LLP
    3711 South MoPac Expressway
    Building One, Suite 300
    Austin, Texas 78746
    512-472-8021 (Telephone)
    512-320-5638 (Facsimile)

By:   */s/ Gunnar P. Seaquist*
    Gunnar P. Seaquist
    Texas State Bar No. 24043358
    Southern District No: 1140733
    gseaquist@bickerstaff.com
    C. Robert Heath
    Texas State Bar No. 09347500
    Southern District No. 13381
    bheath@bickerstaff.com

    **ATTORNEYS FOR ALL DEFENDANTS**

### CERTIFICATE OF SERVICE

This is to certify that on November 22, 2019, a true and correct copy of the foregoing document was served on all counsel of record via email.

    */s/ Gunnar P. Seaquist*
    Gunnar P. Seaquist

**RESPONSES AND OBJECTIONS TO SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 7:** Describe in detail all required federal, state, and local deadlines with which Defendant Eason had to comply to propose, consider, and adopt the early voting plans for the 2018 general election, including by stating the dates of all such deadlines with the respective law.

**RESPONSE:** Defendant objects that this request calls for a legal conclusion and or calls for Defendant to perform legal research on behalf of Plaintiffs. Subject to the foregoing objections and preserving the same, Section 3.005 of the Texas Election Code requires political subdivisions to order an election for a uniform election date not later than the 78th day before election day. The election order and notice must state the dates and times for early voting. Tex. Elec. Code § 85.007. Beetween the 30th and 10th day before the election, the County Judge must publish at least one notice in the newspaper of the election Tex. Elec. Code § 4.003(a)(1). The clerk must also post notice of the early voting schedule for at least five continuous days prior to the start of early voting. Tex. Elec. Code § 85.067. Any amendments to the schedule must likewise be posted at least 5 days before voting is to begin at the amended time or location. *Id.* For elections ordered by the governor or county judge, if the location of the polling place changes after notice has been given under Section 4.003 of the Election Code, and the county election officer maintains a website to inform voters about elections, the notice of the change must be posted on the website. The notice on the website must be given not later than the earlier of 24 hours after the location was changed or 72 hours before the polls open on election day. Tex. Elec. Code § 43.061. In addition, there are deadlines or practical considerations necessary to selecting poll workers and elections judges, conducting trainings, reserving locations, and allocating, programming and testing voting equipment. Defendant Eason also Plaintiff to, and incorporates by reference herein, the deadlines and requirements outlined in the November 6, 2018 Election Law Calendar, which may be accessed through the following links:

https://www.sos.state.tx.us/elections/laws/nov-6-election-calendar-2018.shtml

https://www.sos.state.tx.us/elections/forms/November-6-2018-Calendar.pdf

**INTERROGATORY NO. 8:** Describe in detail all incidents that were reported to Defendant Eason in writing or reported by Defendant Eason in writing during the early voting period for the 2018 general election that provided any basis for her to conclude that election security had become an issue at the Memorial Student Center polling location on the PVAMU campus during early voting. To be responsive to this Interrogatory, your descriptions must include, but not be limited to, any and all written incidents, dates of the incidents, supporting documentation about the incidents, a summary of the incidents, the time of incidents, the location of the incidents, the manner in which the incidents were reported, who initially reported the incidents, to whom the incidents were initially reported to, how the incidents were investigated and addressed, and whether the incidents were resolved.

**RESPONSE:** Defendant objects that this request is multifarious, as it contains at least seven (7) discrete subparts. Defendant further objects to the extent that this request seeks to have Defendant

Eason marshal all of her evidence in support of security concerns at the Memorial Student Center. Subject to the foregoing objections, and preserving the same, in the 2018 general election, there was an incident during early voting when an election inspector walked into the auditorium where the election equipment was stored (and where voting took place) after hours and saw a rehearsal in progress on stage while the voting equipment was in the room. The incident was not documented in writing. Defendant Eason further refers you to her deposition testimony in regard to security concerns at the Memorial Student Center, and incorporates the same herein.

# VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF WALLER         §

BEFORE ME, the undersigned authority, on this day personally appeared Christy A. Eason, in her official capacity, who, being first duly sworn, did state that the foregoing responses to the Plaintiff's Second Set of Interrogatories and the information contained in the responses are true and correct based on the information available to her as the Waller County Elections Administrator.

_____
Christy A. Eason
Waller County Elections Administrator

SWORN TO AND SUBSCRIBED BEFORE ME this 22nd day of November, 2019, to certify which witness my hand and seal of office.



_____
Notary Public in and for the State of Texas