EXHIBIT 1
WIT: Johnson
DATE: 10-1-19
Sherri S. Fisher, CSR

PLAINTIFF'S EXHIBIT
58

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYLA ALLEN, DAMON JOHNSON, RAUL SANCHEZ, TREASURE SMITH, and THE PANTHER PARTY, <br> *Plaintiffs,* <br><br> v. <br><br> WALLER COUNTY TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, <br> *Defendants.* | § § § § § § § § § § § § § § § § § | Civil Action No. 4:18-CV-3985 |

**PLAINTIFF DAMON JOHNSON'S RESPONSE AND OBJECTIONS
TO DEFENDANT WALLER COUNTY'S
FIRST SET OF INTERROGATORIES**

Plaintiff Damon Johnson ("Plaintiff") responds to Defendants' First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. If any privileged documents are inadvertently produced, Plaintiff maintains his right to claim the privilege as to those documents and does not waive his right to claim that privilege as to any other documents.

2. Plaintiff objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of

1

admissible evidence, and/or unlimited in time or scope.

3. Plaintiff objects to the Interrogatories to the extent that they seek documents or information that is not currently in his possession, custody, or control.

4. Plaintiff objects to the Interrogatories to the extent that they call for documents or information that are already in Defendant Waller County's or other Defendants' possession, custody, or control, or are otherwise publicly available to Defendants.

5. Plaintiff objects to the Interrogatories to the extent that they impose any requirements or discovery obligations other than those specified in the Federal Rules of Civil Procedure the Scheduling Order, and/or related agreements.

6. Plaintiff objects to the Interrogatories to the extent that they seek expert information that is not discoverable from Plaintiff individually under the Federal Rules of Civil Procedure.

7. Plaintiff objects to the Interrogatories to the extent that they seek confidential, proprietary business information, and/or information protected by any privacy and/or confidentiality laws, provisions, and/or regulations. If any confidential or proprietary information is produced without an appropriate designation, Plaintiff reserves the right to designate any information as confidential.

8. Plaintiff objects to Defendants' Definitions and Instructions to the extent that they request documents or information that would be protected from discovery by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege.

9. Plaintiff objects to Defendants' definitions of "documents," "communication," and "identify" as being vague, ambiguous, unduly overbroad, and confusing.

10. Plaintiff objects to the extent that any of the Interrogatories seek information that is protected by the right to freely associate under the First Amendment, is confidential, or otherwise is protected, or is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in this action.

11. Plaintiff has attempted in good faith to fully answer Defendants' Interrogatories. The answers are based on information currently available after a reasonable search. Pursuant to Federal Rule 26, Plaintiff reserves the right to alter or supplement his responses as additional documents become available and in light of facts not now known, the relevance to the subject matter or the relationship to admissible evidence of which has not yet been ascertained but may subsequently be discovered.

12. By answering these Interrogatories, Plaintiff does not concede the relevance or materiality of the information requested, nor of the subject matter to which the interrogatory refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive any question or objection as to the competency, relevancy, privilege, or admissibility as evidence, of any of the matters referred to in the responses.

13. Plaintiff incorporates herein by reference each of the above objections into each response set forth below, and all the responses below are subject to the foregoing "General Objections." These General Objections will not necessarily be repeated or referred to in the responses to the individual Interrogatories. The presence or absence of specific reference to one or more of the General Objections is not at any point intended to waive, withdraw, or abandon any of the General Objections.

## RESPONSE TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify each person who participated in any way in answering this first set of interrogatories, or supplied any documents or information used in answering these interrogatories.

### ANSWER TO NO. 1

Plaintiff objects to Interrogatory No. 1 to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory No. 1 to the extent it falls outside the scope of this litigation, and to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas.

In addition, Plaintiff objects to Interrogatory No. 1 to the extent that it seeks the disclosure of information protected by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff identifies the following individuals: Damon Johnson and Plaintiff's counsel.

### INTERROGATORY NO. 2

Identify all persons or entities that Plaintiff believes have documents, information, or other materials relevant to this suit, and identify the documents, information, or other materials they possess.

### ANSWER TO NO. 2

Plaintiff objects to Interrogatory No. 2 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to this Interrogatory as unreasonable and unduly burdensome to the extent it seeks the identity of all individuals who may have knowledge about the facts alleged in Plaintiffs' Complaint. Plaintiff further objects to this request to the extent that it is impossible for Plaintiff to identify information responsive to this request that other individuals may possess. Plaintiff also objects to Interrogatory No. 2 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome given the lengthy history of voting discrimination and early voting issues in Waller County.

In addition, Plaintiff objects to Interrogatory No. 2 to the extent that it seeks information protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed,

such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that information responsive to Interrogatory No. 2 will be provided in Plaintiffs' First Supplemental Initial Disclosures, which Plaintiff's counsel will disclose to Defendants.

### INTERROGATORY NO. 3

Please identify each address at which you have resided since turning eighteen (18) years of age. Your answer should include the physical address of the residence and the timeframe for which you resided at the residence.

### ANSWER TO NO. 3

Plaintiff objects to Interrogatory No. 3 to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving Plaintiff's foregoing general objections, Plaintiff identifies the following information in response to Interrogatory No. 3:

- 6410 Brazos Meadow Lane, Richland, TX 77469
    - March 2017 to August 2017
- 706 Thompson Drive, Prairie View, TX 77445
    - September 2017 to May 2018
- 6410 Brazos Meadow Lane, Richland, TX 77469
    - June 2018 to August 2018
- 706 Thompson Drive, Prairie View, TX 77445
    - September 2018 to May 2019
- 6410 Brazos Meadow Lane, Richland, TX 77469
    - June 2019 to Present

### INTERROGATORY NO. 4

Please state each jurisdiction in which you have been registered to vote since turning eighteen (18) years of age. Your answer should include the approximate date of registration.

### ANSWER TO NO. 4

Plaintiff objects to Interrogatory No. 4 on the grounds that the information sought is likely already within Defendants' possession through at least Waller County's Elections Office and/or the Texas Secretary of State.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff provides the following information in response to Interrogatory No. 4. Since turning eighteen (18) years of age, to the best of Plaintiff's knowledge and recollection, Plaintiff first registered to vote in Waller County in 2017 and his registration remains active through the present.

5

### INTERROGATORY NO. 5

Please identify each election, including primaries, in which you have voted since turning eighteen (18) years of age. Your answer should identify the particular election, the manner in which you cast your ballot, i.e., absentee, early-voting in person, or on election day, and the polling place at which you voted. For primaries, your answer should identify which primary you voted in.

### ANSWER TO NO. 5

Plaintiff objects to Interrogatory No. 5 to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff also objects to Interrogatory No. 5 on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to Interrogatory No. 5 on the grounds that is likely already within Defendants' possession through at least Waller County's Elections Office and/or the Texas Secretary of State.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff provides the following information in response to Interrogatory No. 5. Since turning eighteen (18) years of age, to the best of Plaintiff's knowledge and recollection, Plaintiff voted in four elections: (1) the 2017 November General Election at the Memorial Student Center; (2) the 2018 March Primary Election at the Memorial Student Center; (3) the 2018 November General Election at the Memorial Student Center; and (4) the 2019 Prairie View City Council Election at Prairie View City Hall. For each election, to the best of Plaintiff's knowledge and recollection, Plaintiff voted in-person and cast a regular ballot.

### INTERROGATORY NO. 6

Please state whether or not you own, or have owned, leased, or otherwise had access to, an automobile, motorcycle, moped, motorized scooter, bicycle, and or other form of personal transportation from 2016 through the present. Your answer should identify the time period for which you owned, leased, or otherwise had access to the identified vehicle.

### ANSWER TO NO. 6

Subject to and without waiving Plaintiff's foregoing general objections, Plaintiff provides the following information in response to Interrogatory No. 6. Plaintiff does not own, lease, or otherwise have access to an automobile and/or other form of personal transportation from 2016 to the present.

### INTERROGATORY NO. 7

If you voted in the 2018 general election, please describe the manner in which you voted, including the date on which you voted, the polling location, the approximate time you at which went to the polling location to vote, the means of transportation you used to get to the polling location, the time it took you to cast a ballot at that polling location, and who, if anyone, went with

you to the polling location.

**ANSWER TO NO. 7**

Plaintiff objects to Interrogatory No. 7 to the extent that it is in part duplicative of Interrogatory No. 5. Plaintiff also objects to Interrogatory No. 7 to the extent that it seeks such information as the "time it took" to cast a ballot as neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory No. 7 on the grounds that it is in part likely already within Defendants' possession through at least Waller County's Elections Office and/or the Texas Secretary of State.

Subject to and without waiving Plaintiff's foregoing general objections, Plaintiff provides the following information in response to Interrogatory No. 7. To the best of Plaintiff's knowledge and recollection, Plaintiff walked to the Memorial Student Center from his off-campus housing and voted in person during the available early voting opportunities there in October 2018.

**INTERROGATORY NO. 8**

If you experienced any difficulties or impediments to early voting during the 2018 general election, please describe those difficulties or impediments in detail.

**ANSWER TO NO. 8**

Plaintiff objects to Interrogatory No. 8 because it is worded to require a legal conclusion and is predicated on legal definitions, conclusions, and arguments. Plaintiff also objects to this Interrogatory to the extent that it mischaracterizes Plaintiffs' claim in this lawsuit as being about difficulties or impediments to early voting during the 2018 general election. Plaintiff further objects to the extent that this Interrogatory is a premature interrogatory request that seeks a comprehensive identification of relevant facts before the close of discovery. *See* FED. R. CIV. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013). Plaintiff also objects to Interrogatory No. 8 as it is unreasonably duplicative of Plaintiffs' expert-witness reports of Mr. Cooper, Dr. Flores, Dr. Joseph, and/or Dr. Stein, as well as Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53).

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that, to the best of Plaintiff's knowledge and recollection, that he experienced several difficulties and impediments to early voting during the 2018 general election. Because there was no early voting on PVAMU campus during the first week and limited days of early voting on campus during the second week, Plaintiff had to re-arrange his time-limited schedule, which included being a full-time student and participating in extracurricular activities and school-based commitments, to ultimately vote. As a result, Plaintiff diverted time and energy away from school-related courses and activities to vote during the limited early voting hours on campus.

**INTERROGATORY NO. 9**

Please state with specificity each factual basis for your contention that your right to vote

7

was abridged or denied as a result of the early voting schedule in Waller County for the 2018 general election.

**ANSWER TO NO. 9**

Plaintiff objects to Interrogatory No. 9 because it is worded to require a legal conclusion and is predicated on legal definitions, conclusions, and arguments. Plaintiff further objects to the extent this is a premature interrogatory request that seeks a comprehensive identification of relevant facts before the close of discovery. *See* FED. R. CIV. P. 33(a)(2); *Wallace v. GEO Grp.*, Inc., No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013). Plaintiff also objects to Interrogatory No. 9 as it is unreasonably duplicative of Plaintiffs' expert-witness reports of Mr. Cooper, Dr. Flores, Dr. Joseph, and/or Dr. Stein, as well as Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53), which address this request and are currently in Defendants' possession.

**INTERROGATORY NO. 10**

Please state with specificity each factual basis for your contention that there was a lack of adequate early voting in the City of Prairie View and/or PVAMU during the 2018 general election.

**ANSWER TO NO. 10**

Plaintiff objects to Interrogatory No. 10 to the extent that it mischaracterizes Plaintiffs' claim in this lawsuit as being about the adequacy of early voting in the City of Prairie View and/or PVAMU during the 2018 general election. Plaintiff also objects to Interrogatory No. 10 insofar as it seeks information, such as the County's early voting plans for the November 2018 general election, which is already in the possession of Defendants. For the same reason, Plaintiff objects to Interrogatory No. 10 insofar as it seeks information that is obtainable from some other source that is less burdensome or less expensive. Plaintiff also objects to Interrogatory No. 10 as it is unreasonably duplicative of Plaintiffs' expert-witness reports of Mr. Cooper, Dr. Flores, Dr. Joseph, and/or Dr. Stein, as well as Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53), which address this question and are currently in the possession of Defendants.

**INTERROGATORY NO. 11**

Please describe each instance in which you have been to the Waller County Community Center, including the specific activity or activities for which you went there, the approximate dates of the visits to the Community Center, and whether you walked or used other means of transportation to get there.

**ANSWER TO NO. 11**

Plaintiff objects to Interrogatory No. 11 to the extent that it is not limited to any reasonable time period as vague, ambiguous, overly broad, and unduly burdensome.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff

provides the following information in response to Interrogatory No. 11. To the best of Plaintiff's knowledge and recollection, Plaintiff has never been to the Waller County Community Center.

**INTERROGATORY NO. 12**

If you contend that early voting hours during the first week of early voting provide a greater opportunity to cast a ballot than early voting hours the second week, please state with specificity each factual basis for that contention.

**ANSWER TO NO. 12**

Plaintiff objects to Interrogatory No. 12 because it erroneously sets forth a contention that Plaintiff has not advanced in this case.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that his answers to Interrogatory No. 12 are included in Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53). Plaintiff's response is further supported by expert-witness reports by Mr. Cooper, Dr. Stein, Dr. Joseph, and/or Dr. Flores and the resources cited therein.

**INTERROGATORY NO. 13**

Please identify your school schedule for the fall semester of 2018, including the days, start time, and duration of each class or extracurricular or athletic activity in which you participated during that semester.

**ANSWER TO NO. 13**

Plaintiff objects to Interrogatory No. 13 to the extent the request is vague, ambiguous, overly broad, and unduly burdensome, including because daily schedules and the activities within them change and may not be reflected in a school schedule.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds to this Interrogatory by producing non-privileged documents concerning the Plaintiff's schedule for the fall semester of 2018 within his possession, custody, or control as Bates Stamped PLS000004.

Plaintiff also provides the following information in response to Interrogatory No. 13. To the best of Plaintiff's knowledge and recollection, Plaintiff's fall semester of 2018 extracurricular activities included:
- Member, Panther Party
    - Committed approximately 1 hour per week during the fall 2018 semester
- Member, Speech and Debate Team
    - Committed approximately 4 to 6 hours per week during the fall 2018 semester
- Board Member, PV Consulting Association
    - Committed approximately 2 to 3 hours per week during the fall 2018 semester

- Freshman Coach, Step-Off Competition
    - Committed approximately 4 to 6 hours per week during the fall 2018 semester
- Freshman Coach, Stroll-Off Competition
    - Committed approximately 4 to 6 hours per week during the fall 2018 semester

**INTERROGATORY NO. 14**

Please describe any activities or efforts you undertook to advocate or petition for a greater number of early voting hours, prior to filing this lawsuit. Your answer should include, but is not limited to, identifying any communications you had with officials, employees, or representatives of Waller County or PVAMU regarding early voting in Prairie View, by specifying with whom you had such communications, the manner of communication (i.e., in-person, phone call, email, text message, etc…), the approximate date and time of each communication, and the substance of each communication.

**ANSWER TO NO. 14**

Plaintiff objects to Request No. 14 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the extent it seeks information that is no longer in the possession, custody, or control of Plaintiff. Plaintiff further objects to the extent that it seeks information already in the possession, custody, control, and/or knowledge of Defendant Waller County and its officials, employees, or representatives.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff provides the following information in response to Interrogatory No. 14. To the best of Plaintiff's knowledge and recollection, Plaintiff did not participate in efforts to advocate or petition for a greater number of early voting hours prior to filing this lawsuit.

**INTERROGATORY NO. 15**

Please identify any student groups, including fraternities or sororities, of which you have been a member since coming to PVAMU.

**ANSWER TO NO. 15**

Plaintiff objects to Interrogatory No. 15 to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that it seeks information or disclosure of information impinging on Plaintiff's right of association, which is protected by the First Amendment to the U.S. Constitution. Plaintiff further objects to Request No. 15 to the extent that it seeks information protected by common interest privilege shared by certain Plaintiffs in this litigation. Plaintiff also objects to this request because it already is in the possession of Defendants, namely through Plaintiffs' First Amended Complaint (ECF No. 49) and/or is duplicative of information already sought in Interrogatory No. 13.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff identifies himself as a member of the Panther Party and the Speech and Debate Team, as a board

10

member of the PV Consulting Association, and as a freshman coach for the Step-Off and Stroll-Off Competitions.

**INTERROGATORY NO. 16**

If you contend that the Waller County Community center is inaccessible to PVAMU students, please state with specificity each of your factual bases for that contention.

**ANSWER TO NO. 16**

Plaintiff objects to Interrogatory No. 16 because it erroneously sets forth a contention that Plaintiff has not advanced in this case and/or mischaracterizes Plaintiffs' contention about the Waller County Community Center as a site for early voting for PVAMU students. Plaintiff also objects to Interrogatory No. 16 as it is unreasonably duplicative of the Plaintiffs' expert-witness reports by Mr. Cooper, Dr. Stein, Dr. Joseph, Dr. Flores, and/or Dr. Flores and/or commissioners court hearing minutes (for example, for October 17, 2018), which address this question and are currently in the possession of Defendants.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that his answers are included in Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53).

Respectfully submitted on July 29, 2019,

**Of Counsel:**

/s/ *Leah C. Aden*
Leah C. Aden*
Deuel Ross*
Kristen A. Johnson*
John S. Cusick*
**NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.**
40 Rector Street, 5th Floor
New York, New York 10006
Phone: (212) 965-2200
Fax: (212) 226-7592
laden@naacpldf.org
dross@naacpldf.org
kjohnson@naacpldf.org
jcusick@naacpldf.org

Catherine Meza*
**NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.**
700 14th Street NW, Suite 600
Washington, DC 20005
Phone: (202) 682-1300
Fax: (212) 226-7592
cmeza@naacpldf.org

*Pro Hac Vice*

Adam T. Schramek (SDTX 31913)
State Bar No. 24033045
Attorney-in-Charge
**NORTON ROSE FULBRIGHT US LLP**
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone: (512) 474-5201
Facsimile: (512) 536-4598
adam.schramek@nortonrosefulbright.com

Julie Goodrich Harrison (SDTX 3017799)
  State Bar No. 24092434
Nicole Lynn (SDTX 3041738)
  State Bar No. 24095526
**NORTON ROSE FULBRIGHT US LLP**
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
julie.harrison@nortonrosefulbright.com
nicole.lynn@nortonrosefulbright.com

William F. Calve (SDTX 3206298)
  State Bar No. 24096505
**NORTON ROSE FULBRIGHT US LLP**
300 Convent Street, Suite 2100
San Antonio, Texas 78205-3792
Telephone: (210) 270-7132
Facsimile: (210) 270-7205
william.calve@nortonrosefulbright.com

*Counsel for Plaintiffs*

12

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2019, I electronically sent a true and correct copy of the foregoing document to all counsel of record in this case.

/s/ Leah C. Aden
Leah C. Aden

## VERIFICATION

STATE OF TEXAS

COUNTY OF Fort Bend

**BEFORE ME**, the undersigned, on this date personally appeared Damon Johnson, known to me to be the person whose name is subscribed below, who states, upon oath, that the statements made in the foregoing instrument are within his personal knowledge and are true and correct to the best of his knowledge, information, and belief. Mr. Johnson reserves the right to make changes to the Responses if at any time it appears that an error or omission has been made therein or if additional or more accurate information becomes available.

_____
Damon Johnson

SWORN TO AND SUBSCRIBED BEFORE ME this 7 day of August 2019, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas






# PRAIRIE VIEW A&M UNIVERSITY 1876

## Week at a Glance

P21698511 Demon R. Johnson
Aug 28, 2018 01:32 pm

The following is your class schedule by day and time. Classes that do not have scheduled meeting times are listed at the bottom of the page. Click on hyperlinked courses for more detail.

Go to (MM/DD/YYYY): [ ] Submit

Previous Week    **Week of Aug 27, 2018** (33 of 48)    Next Week

| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
|---|---|---|---|---|---|---|---|
| 9am | CHEM 1033-P02 10012 Class 9:00 am-9:50 am 0790 A101 | | CHEM 1033-P02 10012 Class 9:00 am-9:50 am 0790 A101 | | CHEM 1033-P02 10012 Class 9:00 am-9:50 am 0790 A101 | | |
| 10am | | | | | | | |
| 11am | ENGL 1123-P30 11278 Class 11:00 am-11:50 am 0789 363 | | ENGL 1123-P30 11278 Class 11:00 am-11:50 am 0789 363 | | ENGL 1123-P30 11278 Class 11:00 am-11:50 am 0789 363 | | |
| 12pm | | | | | | | |
| 1pm | COMM 1003-P25 11788 Class 1:00 pm-1:50 pm 0689 2B215 | | COMM 1003-P25 11788 Class 1:00 pm-1:50 pm 0689 2B215 | | COMM 1003-P25 11788 Class 1:00 pm-1:50 pm 0689 2B215 | | |
| 2pm | | CHEG 1011-P01 10784 Class 2:00 pm-2:50 pm 0504 109 | | | | | |
| 3pm | | CHEG 1021-P01 10786 Class 3:00 pm-4:50 pm 0504 109 | | GNEG 2021-P03 10204 Class 3:00 pm-3:50 pm 0743 224 | | | |
| 4pm | MATH 2034-P01 10099 Class 3:30 pm-5:20 pm 0508 309 | | MATH 2024-P01 10099 Class 3:30 pm-5:20 pm 0508 309 | | | | |
| 5pm | | | | | | | |

RELEASE: 8.7.1

1 of 2

EXHIBIT 3
WIT: Johnson
DATE: 10-11-19
Sherri S. Fisher, CSR

PLS000004

# EXHIBIT 5

Jayla Allen, et al. vs. Waller County Texas, et al.
Treasure Smith - 10/10/2019

---

Page 1

```
 1        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
 2                  HOUSTON DIVISION

 3  JAYLA ALLEN, DAMON        )
    JOHNSON, TREASURE SMITH,  )
 4  AND THE PANTHER PARTY,    )
         Plaintiffs,          )
 5                            )
    VS.                       ) CIVIL ACTION NO.:
 6                            ) 4:18-CV-3985
    WALLER COUNTY TEXAS; THE  )
 7  WALLER COUNTY             )
    COMMISSIONERS COURT;      )
 8  JUDGE CARBETT "TREY" J.   )
    DUHON III, IN HIS         )
 9  OFFICIAL CAPACITY AS THE  )
    WALLER COUNTY JUDGE; AND  )
10  CHRISTY A. EASON, IN HER  )
    OFFICIAL CAPACITY AS THE  )
11  WALLER COUNTY ELECTIONS   )
    ADMINISTRATOR,            )
12       Defendants.          )

13  *****************************************
               ORAL DEPOSITION OF
14                TREASURE SMITH
                 OCTOBER 10, 2019
15  *****************************************

16      ORAL DEPOSITION OF TREASURE SMITH, produced as

17  a witness at the instance of the Defendants and duly

18  sworn, was taken in the above-styled and numbered cause

19  on OCTOBER 10, 2019, from 2:40 p.m. to 5:26 p.m., before

20  SHERRI SANTMAN FISHER, Certified Shorthand Reporter in

21  and for the State of Texas, reported by machine

22  shorthand, at the University Square Clubhouse, 502 Anne

23  Preston Street, Prairie View, Texas, pursuant to the

24  Federal Rules of Civil Procedure and the provisions

25  stated on the record or attached hereto.
```

Page 2

```
 1            APPEARANCES
 2
 3  FOR THE PLAINTIFFS:
 4      MS. LEAH ADEN
        MR. JOHN CUSICK
 5      NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
        40 Rector Street
 6      Fifth Floor
        New York, New York 10006-1738
 7      212-965-7715/212-226-7592 (fax)
        laden@naacpldf.org
 8      jcusick@naacpldf.org
 9      MS. JULIE GOODRICH HARRISON
        NORTON ROSE FULBRIGHT US LLP
10      1301 McKinney
        Suite 5100
11      Houston, Texas 77010-3095
        713-651-5151/713-651-5246 (fax)
12      julie.harrison@nortonrosefulbright.com
13
    FOR THE DEFENDANTS:
14
        MR. GUNNAR P. SEAQUIST
15      BICKERSTAFF HEATH DELGADO ACOSTA LLP
        3711 South Mopac Expressway
16      Building 1, Suite 300
        Austin, Texas 78746
17      512-472-8021/512-320-5638 (fax)
        gseaquist@bickerstaff.com
18
        MS. ELIZABETH DORSEY
19      WALLER COUNTY DISTRICT ATTORNEY'S OFFICE
        645 12th Street
20      Hempstead, Texas 77445
        979-826-7718/979-826-7722 (fax)
21      e.dorsey@wallercounty.us
22
23  ALSO PRESENT:
24      Steven Lance
25
```

Page 3

```
 1                   INDEX
                                       PAGE
 2
    Appearances                          2
 3
    Stipulations                         4
 4
    Examination by Mr. Seaquist          4
 5    2:40 p.m. - 3:00 p.m.
      3:05 p.m. - 3:53 p.m.
 6    4:16 p.m. - 4:38 p.m.
      4:42 p.m. - 5:00 p.m.
 7    5:09 p.m. - 5:11 p.m.
 8  Examination by Ms. Harrison         90
      5:11 p.m. - 5:26 p.m.
 9
    Changes and Corrections            104
10
    Signature                          105
11
    Reporter's Certification           106
12
13           EXHIBIT INDEX
14  NO.  DESCRIPTION                   PAGE
15   1  Plaintiff Treasure Smith's Response and  17
        Objections to Defendant Waller County's
16      First Set of Interrogatories
17   2  Prairie View A&M University Map     20
18   3  Google Map                          51
19   4  Course Schedule                     58
20   5  Twitter Post Dated October 25, 2018  76
21
22
23
24
25
```

Page 4

```
 1            (Witness sworn)
 2       MR. SEAQUIST:  Okay.  Before we get
 3  started, for the record, counsel have conferred prior to
 4  the deposition and we're going to agree to waive the
 5  reading requirements under Federal Rule Civil -- Federal
 6  Rule of Civil Procedure 30(b)(5).
 7       MS. HARRISON:  That's correct.
 8       MR. SEAQUIST:  And for purposes of the
 9  deposition, I think we've also agreed that objection,
10  form, will be sufficient to preserve any form
11  objections.
12       MS. HARRISON:  Yes, we agree to that.
13       MR. SEAQUIST:  Okay.
14            TREASURE SMITH,
15  having been first duly sworn, testified as follows:
16            EXAMINATION
17  BY MR. SEAQUIST:
18  Q.  Good afternoon, Ms. Smith.  My name is Gunnar
19  Seaquist.  I don't think you and I have met before
20  today.  Is that right?
21  A.  Like two minutes ago.
22  Q.  Okay.
23  A.  Okay.  Yeah.  Didn't we shake hands?  Your hand
24  was cold.
25  Q.  That's right.
```

Case 4:18-cv-03985   Document 73-2   Filed on 01/24/20 in TXSD   Page 254 of 677

Page 2 (Pages 5-8)

Jayla Allen, et al. vs. Waller County Texas, et al.
Treasure Smith - 10/10/2019

Page 5

1  I represent the defendants in the lawsuit
2  in which you are a named plaintiff. Do you understand
3  that?
4     A.  Yes, sir.
5     Q.  Okay. Have you ever given a deposition before?
6     A.  No, sir.
7     Q.  All right. We will go over just a few -- a few
8  of the guidelines.
9        We have our court reporter here today. I
10 talk too fast, so I'm going to talk a little more slowly
11 if I can. But we need her to be able to take down
12 everything that you and I say to each other.
13       And so if you will do your very best,
14 please, to wait until I ask my full question before you
15 start your answer and I am going to do my very best to
16 wait until you've given your full answer before I ask my
17 next question. That way, we're not talking over each
18 other. Okay?
19    A.  Okay.
20    Q.  Also, when we're just talking without a court
21 reporter, we'll often use nonverbal cues, headshakes,
22 head nods. We use uh-huh or huh-uh. On the transcript
23 those things don't come out. And so I need you to
24 answer out loud verbally and with yeses or nos where
25 appropriate.

Page 6

1        If for some reason you don't do that, I'll
2  kind of prod you for a yes or a no. I'm not trying to
3  be rude. I'm just trying to get a good record. Okay?
4     A.  Okay.
5     Q.  Okay. The other thing is we've been at this
6  for a while now, so I guarantee you that at some point
7  this afternoon I'm going to ask you a question that's
8  poorly worded or doesn't make sense for some reason.
9        If I do that, please can we have an
10 understanding -- or if you don't understand my question,
11 can we have an agreement that you'll ask me to clarify?
12    A.  Okay.
13    Q.  Okay. And can we also have an agreement then
14 that if you do answer one of my questions, you
15 understood it and gave the best answer you could?
16    A.  Uh-huh. I mean, yes. Sorry. You said don't
17 say uh-huh.
18    Q.  It happens to us all.
19       Also, this is not a marathon. If you need
20 a break at any point, just let me know. We can take a
21 break. I would just ask that if there's a question on
22 the table that you answer that question and then we'll
23 take a break. Okay?
24    A.  Okay.
25    Q.  All right. Will you give us your full name for

Page 7

1  the record, please?
2     A.  Treasure Smith.
3     Q.  Okay. Ms. Smith, is there any reason that you
4  would be unable to understand or truthfully answer any
5  of my questions today?
6     A.  No, sir.
7     Q.  For example, are you taking any medications
8  that would impair your ability to understand my
9  questions?
10    A.  No, sir.
11    Q.  Okay. And are you ready to proceed with the
12 deposition today?
13    A.  Yes, sir.
14    Q.  What have you done to prepare for the
15 deposition today?
16    A.  Met with my attorneys.
17    Q.  Okay. When you say your attorneys, are you
18 talking about the lawyers that are in the room today?
19    A.  Yes, sir.
20    Q.  Okay. And that's Julie Harrison from the
21 Norton-Rose law firm, correct?
22    A.  Yes, sir.
23    Q.  And then we have Leah Aden, John Cusick, and
24 Steven Lance from the NAACP Legal Defense Fund.
25    A.  Yes, sir.

Page 8

1     Q.  All right. You were able to meet with all of
2  them prior to your deposition?
3     A.  Yes, sir.
4     Q.  Okay. About how long would you say you spent
5  meeting with counsel before the deposition today?
6     A.  30 minutes to an hour, 45. I would say about
7  45 minutes.
8     Q.  In addition to meeting with counsel, did you
9  review any documents before the deposition?
10    A.  Yes.
11    Q.  What did you look at?
12    A.  This. It's just transcripts, things that I had
13 to get notarized earlier, this here.
14    Q.  Okay. Are those the interrogatory responses or
15 the responses to some questions that we had asked for
16 you to answer as a plaintiff in this case?
17    A.  Yes, sir.
18    Q.  Okay. And you swore to the truth of the
19 statements you gave in those responses?
20    A.  Yes, sir.
21    Q.  Other than your interrogatory responses, is
22 there any -- are there any other documents that you have
23 reviewed before the deposition today?
24    A.  No, sir.
25    Q.  Did you prepare any documents or make any