IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| JAYLA ALLEN, DAMON JOHNSON, RAUL SANCHEZ, TREASURE SMITH, and THE PANTHER PARTY, *Plaintiffs*, | § § § § § |
| v. | § § |
| WALLER COUNTY TEXAS; THE WALLER COUNTY COMMISSIONERS COURT; JUDGE CARBETT "TREY" J. DUHON III, in his official capacity as the Waller County Judge; and CHRISTY A. EASON, in her official capacity as the Waller County Elections Administrator, *Defendants*. | § § § § § § § § § § § |

Civil Action No. 4:18-CV-3985

**PLAINTIFF THE PANTHER PARTY'S REPONSE AND OBJECTIONS
TO DEFENDANT WALLER COUNTY'S
<u>FIRST SET OF INTERROGATORIES</u>**

Plaintiff the Panther Party ("Plaintiff") responds to Defendants' First Set of Interrogatories (the "Interrogatories") as follows:

<u>**GENERAL OBJECTIONS**</u>

1. Plaintiff objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege. If any privileged documents are inadvertently produced, Plaintiff maintains its right to claim the privilege as to those documents and does not waive its right to claim that privilege as to any other documents.

2. Plaintiff objects to the Interrogatories to the extent that they are overly broad, unduly burdensome, vague, ambiguous, irrelevant, not reasonably calculated to lead to the discovery of

admissible evidence, and/or unlimited in time or scope.

3. Plaintiff objects to the Interrogatories to the extent that they seek documents or information that is not currently in its possession, custody, or control.

4. Plaintiff objects to the Interrogatories to the extent that they call for documents or information that are already in Defendant Waller County's or other Defendants' possession, custody, or control, or are otherwise publicly available to Defendants.

5. Plaintiff objects to the Interrogatories to the extent that they impose any requirements or discovery obligations other than those specified in the Federal Rules of Civil Procedure the Scheduling Order, and/or related agreements.

6. Plaintiff objects to the Interrogatories to the extent that they seek expert information that is not discoverable from Plaintiff individually under the Federal Rules of Civil Procedure.

7. Plaintiff objects to the Interrogatories to the extent that they seek confidential, proprietary business information, and/or information protected by any privacy and/or confidentiality laws, provisions, and/or regulations. If any confidential or proprietary information is produced without an appropriate designation, Plaintiff reserves the right to designate any information as confidential.

8. Plaintiff objects to Defendants' Definitions and Instructions to the extent that they request documents or information that would be protected from discovery by the attorney-client privilege, attorney work product doctrine, and/or any other applicable privilege.

9. Plaintiff objects to Defendants' definitions of "documents," "communication," and "identify" as being vague, ambiguous, unduly overbroad, and confusing.

10. Plaintiff objects to the extent that any of the Interrogatories seek information that is protected by the right to freely associate under the First Amendment, is confidential, or otherwise is protected, or is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence in this action.

11.     Plaintiff has attempted in good faith to fully answer Defendants' Interrogatories. The answers are based on information currently available after a reasonable search. Pursuant to Federal Rule 26, Plaintiff reserves the right to alter or supplement its responses as additional documents become available and in light of facts not now known, the relevance to the subject matter or the relationship to admissible evidence of which has not yet been ascertained but may subsequently be discovered.

12.     By answering these Interrogatories, Plaintiff does not concede the relevance or materiality of the information requested, nor of the subject matter to which the interrogatory refers. Rather, the responses are made expressly subject to, and without in any way waiving or intending to waive any question or objection as to the competency, relevancy, privilege, or admissibility as evidence, of any of the matters referred to in the responses.

13.     Plaintiff incorporates herein by reference each of the above objections into each response set forth below, and all the responses below are subject to the foregoing "General Objections." These General Objections will not necessarily be repeated or referred to in the responses to the individual Interrogatories. The presence or absence of specific reference to one or more of the General Objections is not at any point intended to waive, withdraw, or abandon any of the General Objections.

# RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1**

Identify each person who participated in any way in answering this first set of interrogatories, or supplied any documents or information used in answering these interrogatories.

**ANSWER TO NO. 1**

Plaintiff objects to Interrogatory No. 1 to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to Interrogatory No. 1 to the extent it falls outside the scope of this litigation and imposes obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. In addition, Plaintiff objects to Interrogatory No. 1 to the extent that it seeks the disclosure of information protected by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff identifies the following individuals: Joshua Mohammed, in his capacity as Chairman of Board of the Panther Party and as a founding member of the Panther Party; Plaintiff's counsel.

**INTERROGATORY NO. 2**

Identify all persons or entities that Plaintiff believes have documents, information, or other materials relevant to this suit, and identify the documents, information, or other materials they possess.

**ANSWER TO NO. 2**

Plaintiff objects to Interrogatory No. 2 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to this Interrogatory as unreasonable and unduly burdensome to the extent it seeks the identity of all individuals who may have knowledge about the facts alleged in Plaintiffs' Complaint. Plaintiff further objects to Interrogatory No. 2 because it is not time limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome given the lengthy history of voting discrimination and early voting issues in Waller County.

In addition, Plaintiff objects to Interrogatory No. 2 to the extent that it seeks information protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity,

principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that information responsive to Interrogatory No. 2 will be provided in Plaintiffs' First Supplement to Their Initial Disclosures, which Plaintiff's counsel will disclose to Defendants.

**INTERROGATORY NO. 3**

Please describe the organization of the Panther Party, including the identity of its founders, the leadership structure and persons occupying the positions of leadership, and the number of current members.

**ANSWER TO NO. 3**

Plaintiff objects to Interrogatory No. 3 to the extent that it seeks information on Plaintiff's individual members, the compelled disclosure of which "is likely to affect adversely the ability of [Plaintiff] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from [Plaintiff] and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *NAACP v. State of Alabama ex rel. Patterson*, 357 U.S. 449, 462-63 (1958). Plaintiff further objects to Interrogatory No. 3 to the extent it requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that the Panther Party was founded in 2017 by two Prairie View A&M ("PVAMU") undergraduate students, Joshua Mohammed and Ervin Bryant. Plaintiff's leadership structure includes four officers: President, Tajuan Burton; Vice-President, Maydrian Lowe; Secretary, to be filled in the fall of 2019; and Treasurer; to be filled in the fall of 2019. Based on the 2018-2019 school year, there are approximately twenty active members.

**INTERROGATORY NO. 4**

Please identify any office or meeting space owned, leased, or used by the organization of the Panther Party from January 1, 2015 through the present.

**ANSWER TO NO. 4**

Plaintiff objects to Interrogatory No. 4 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that it does not own or lease any office or meeting space and has not done so since its founding in 2017. Moreover, Plaintiff does not have a specific designated room for its office either on or off of the PVAMU campus. Instead, Plaintiff uses various available, student-designated meeting rooms on the PVAMU campus to hold meetings.

**INTERROGATORY NO. 5**

Please describe the process for joining the Panther Party, including the application or membership process, the requirements for participation or membership, any fees, dues, or other financial contributions required or suggested to join the Panther Party.

**ANSWER TO NO. 5**

Plaintiff objects to Interrogatory No. 5 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Additionally, Plaintiff objects to Interrogatory No. 5 because it is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to Interrogatory No. 5 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to Interrogatory No. 5 because it is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that the process for joining the Panther Party includes two steps: (1) attend an entrance meeting; and (2) after that meeting, sign up for the club by providing the student's name and email address. Initially, during the 2017-2018 school year, Plaintiff required a $10 annual membership fee, but it waived that fee for all members during the 2018-19 school year.

Aside from being a PVAMU undergraduate, graduate, or former student, there are no other participation requirements. In addition to attending meetings, members can join one of three committees: (1) the community development committee, (2) the economic development committee, and (3) the political engagement committee.

**INTERROGATORY NO. 6**

Please identify any and all records, including membership records and records of activities, kept by the Panther Party.

**ANSWER TO NO. 6**

Plaintiff objects to Interrogatory No. 6 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules

of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to this Interrogatory as unreasonable and unduly burdensome to the extent it seeks the identity of any individual who may have knowledge about the facts alleged in Plaintiff's Complaint. Plaintiff further objects to Interrogatory No. 6 because it is not time limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome given the lengthy history of voting discrimination and early voting issues in Waller County.

Additionally, Plaintiff objects to Interrogatory No. 6 to the extent that it seeks documents or information protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Plaintiff further objects to Interrogatory No. 6 to the extent that it seeks information on Plaintiff's individual members, the compelled disclosure of which "is likely to affect adversely the ability of [Plaintiff] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from [Plaintiff] and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *NAACP v. State of Alabama ex rel. Patterson*, 357 U.S. 449, 462-63 (1958). Plaintiff further objects to Interrogatory No. 6 to the extent it requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that the organization maintains records of its formation and organization, membership records, financial records, meeting minutes, and social media or other public releases, postings and responses.


**INTERROGATORY NO. 7**

Please identify any and all sources of revenue or funding of the Panther Party.

**ANSWER TO NO. 7**

Plaintiff objects to Interrogatory No. 7 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Additionally, Plaintiff objects to Interrogatory No. 7 because the Request is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to Interrogatory No. 7 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to Interrogatory No. 7 because it is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

In addition, Plaintiff objects to Interrogatory No. 7 to the extent that it seeks documents

7

or information protected from disclosure by any privilege or immunity, including common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that it does not receive an annual budget from PVAMU. Instead, it must apply to PVAMU for discretionary funding on a case-by-case basis. During the 2017-2018 school year, Plaintiff relied on membership dues of $10 per person. During the 2018-2019 school year, Plaintiff did not rely on any membership dues because it waived the annual fee for all members. In addition, Plaintiff raises funds through events and, on rare occasions, through donations. Otherwise, Plaintiff's members offset costs by volunteering their time, energy, and skills.

**INTERROGATORY NO. 8**

Please identify any banking or other accounts held by or for the benefit of the Panther Party.

**ANSWER TO NO. 8**

Plaintiff objects to Interrogatory No. 8 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Additionally, Plaintiff objects to Interrogatory No. 8 because the Interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to Interrogatory No. 8 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff also objects to Interrogatory No. 8 because it is neither relevant to the issues in this dispute nor reasonably calculated to lead to the discovery of admissible evidence.

In addition, Plaintiff objects to Interrogatory No. 8 to the extent that it seeks documents or information protected from disclosure by any privilege or immunity, including common interest privilege or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that it has a single back account.

**INTERROGATORY NO. 9**

Please identify the members of the Panther Party, including name, age, address, and telephone number, from January 1, 2017 through the present.

**ANSWER TO NO. 9**

Plaintiff objects to Interrogatory No. 9 and will not be responding in full to this Interrogatory because it seeks Plaintiff's membership list, the compelled disclosure of which would "abridge the rights of its . . . members to engage in lawful association in support of their common beliefs," which is protected by the First Amendment to the U.S. Constitution. *NAACP v. State of Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958); *see id.* at 462-63 (holding "that compelled disclosure of [a civil rights association's] membership is likely to affect adversely the ability of [the association] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from the [a]ssociation and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure."). Plaintiff further objects to Interrogatory No. 9 to the extent it requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that Joshua Mohammed, who serves as Chairman of the Board, is a founding and current member of organizational Plaintiff. Moreover, Jayla Allen, Damon Johnson, and Treasure Smith are individual Plaintiffs in this action and current or former members of the Panther Party. Those individuals can be contacted through Plaintiffs' counsel. Finally, consistent with the response to Interrogatory No. 3, based on the 2018-2019 school year, there are approximately twenty active members in the Panther Party.

**INTERROGATORY NO. 10**

Other than assisting students in voting, as alleged in Paragraph 17 of Plaintiffs' First Amended Complaint, please describe in detail the activities of the Panther Party.

**ANSWER TO NO. 10**

Plaintiff objects to Interrogatory No. 10 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that its mission statement is to serve the PVAMU community and community members in the city of Prairie View and to address the social, political, economic, and historical landscape of PVAMU, the Texas A&M Collegiate System, and Waller County. Central to this mission, Plaintiff's members may join the Community Development, Economic Development, and/or Political Engagement Committees. The Community Development's focus is to improve the standard of life of the Prairie View community by working to make the city and the campus a safe and decent place to live for residents and students. Students in the committee go out into the committee weekly with a volunteer program called "Picking Up the Pieces" to build bridges between PVAMU and the city. This provides an opportunity for members to connect with other

PVAMU students, as well City of Prairie View residents. The Economic Development Committee works to promote the growth of business and entrepreneurship in Prairie View and works with students, city residents, and officials to provide resources for business development on multiple levels. The Political Engagement Committee, among other activities, conducts voter education and voter registration drives on campus at PVAMU. For example, in April of 2018, this Committee hosted a voters-only party to encourage students to participate in the city, county, and primary elections.

**INTERROGATORY NO. 11**

Please state each way in which the Panther Party "diverted its modest organizational…resources to assisting PVAMU student voters by hosting trainings, organizing group transportation to early voting locations and conducting other educational and organizing activities…," as alleged in paragraph 17 of Plaintiffs' First Amended Complaint. Your answer should identify each training, educational, transportation and organizing activities conducted by The Panther Party in anticipation of the general election, and how those activities differed or diverted from the Panther Party's normal activities.

**ANSWER TO NO. 11**

Plaintiff objects to Interrogatory No. 11 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to Interrogatory No. 11 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome.

In addition, Plaintiff objects to Interrogatory No. 11 to the extent that it seeks documents, records, or information protected from disclosure by any privilege or immunity, including attorney-client privilege, attorney work product protection, common interest privilege, or any other privilege, immunity, principle, doctrine, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that since its founding in 2017 and consistent with its organizational mission, it regularly engages in general voter registration and voter education activities, including voter registration drives and candidate forums. In addition, due to recent confusion about the validity of voter registrations based on continuing issues surrounding rural zip codes in Waller County, Plaintiff engaged with students and aided in efforts to resolve these concerns prior to or on election days.

In the 2018 general election, however, Plaintiff had to divert resources away from these regular activities to address the complete absence of early voting on campus during the first week of early voting and the limited amount of early voting on PVAMU's campus during the second week. Consequently, Plaintiff's members volunteered their time and other resources (for example,

cars, gas money) to drive students to off-campus polling locations during the first week of early voting. These students would have otherwise been unable to cast a vote because of their other obligations (for example, class schedules, work obligations) and lack of access to transportation.

Plaintiff's members also conducted meetings, answered inquiries (for example, about when and where to vote), and created and paid for materials to be printed to address confusion and to conduct outreach about how to vote in the 2018 elections, including the early voting schedule, which changed after this lawsuit was filed.

Plaintiff's executive board also managed and coordinated logistics around how to vote and how to use early voting on top of its general activities, including educating first-time voters and providing resources for how and where to vote.

**INTERROGATORY NO. 12**

Please state each way in which the Panther Party "diverted its modest financial…resources to assisting PVAMU student voters by hosting trainings, organizing group transportation to early voting locations and conducting other educational and organizing activities…," as alleged in paragraph 17 of Plaintiffs' First Amended Complaint. Your answer should identify each financial expenditure or payment by the Panther Party in regard to the general election, including to whom the expenditure was made, the method of payment (i.e., cash, check, credit card, etc…), as well as how those expenditures or payments differed or diverted from the Panther Party's use of its financial resources.

**ANSWER TO NO. 12**

Plaintiff objects to Interrogatory No. 12 to the extent that it seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects to Interrogatory No. 12 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome.

In addition, Plaintiff objects to Interrogatory No. 12 to the extent that it seeks documents, records of financial transactions, or information protected from disclosure by any privilege or immunity, or rule of confidentiality. If any protected information or material is disclosed, such disclosure is not intentional and shall not be deemed a waiver of any privilege or protection.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that since its founding in 2017 and consistent with its organizational mission, it regularly engages in general voter registration and voter education activities, including voter registration drives and candidate forums. As explained in Interrogatory No. 7, it does so on a limited budget – without significant (or any) membership dues, without consistent funding from PVAMU, and without support from any national organization.

In the 2018 general election, however, Plaintiff had to divert its already limited resources

away from these regular activities to address the complete absence of early voting on campus during the first week of early voting and the limited amount of early voting on PVAMU's campus during the second week. In the face of its regular activities and class and/or work obligations, organizational leaders and members testified before the commission hearings on October 17, 2018 to urge on-campus early voting.

Moreover, Plaintiff's members volunteered their time and other resources (for example, cars, gas money) to drive students to off-campus polling locations during the first week of early voting for students who would have otherwise been unable to cast a vote because of their other obligations (for example, class schedules, work obligations) and lack of access to transportation. Volunteers drove student voters off-campus on, for example six days. Volunteers, like individual Plaintiff Allen, used their own cars, paid for gas out-of-pocket, and rearranged their schedules and other obligations. Defendant Commissioners Court heard testimony (for example, at the October 17, 2018 hearing at 93:24) that students have limited funds and paying for gas is a significant expenditure for them, as it is for organizational Plaintiff and its members.

Plaintiff's members also conducted meetings, answered inquiries, and created and paid for materials to address confusion and conduct outreach about how to vote in the 2018 elections, including the early voting schedule. Because of the organizational Plaintiff's limited funds, Joshua Mohammed, for example, paid between $50-$100 to print materials out-of-pocket.

These efforts also forced Plaintiff's executive board team to expend time to manage and coordinate logistics around how to vote and use early voting that were not part of general activities, including educating first-time voters and providing resources for how and where to vote.

## INTERROGATORY NO. 13

Please identify any items, funds, or services that were donated to assist the Panther Party in its efforts related to the 2018 election.

## ANSWER TO NO. 13

Plaintiff objects to Interrogatory No. 13 in that such undefined terms as "items," "services," and "donated" are vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the extent that Interrogatory No. 13 seeks to impose obligations on Plaintiff in excess of those set forth in the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of Texas. Plaintiff further objects that this Interrogatory is in part duplicative of Interrogatories Nos. 11 and 12.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff further respond that it received a single $200 donation from Mike Siegel to conduct non-partisan voter registration in 2018. Plaintiff used this money to purchase food as part of a freshman voter registration event.

**INTERROGATORY NO. 14**

If any members of the Panther Party experienced any difficulties or impediments to early voting during the 2018 general election, please identify the member(s) and describe those difficulties or impediments in detail.

**ANSWER TO NO. 14**

Plaintiff objects to Interrogatory No. 14 because it is worded to require a legal conclusion and is predicated on legal definitions, conclusions, and arguments. Plaintiff also objects to this Interrogatory to the extent that it mischaracterizes Plaintiffs' claim in this lawsuit as being about difficulties or impediments to early voting during the 2018 general election. To the extent that the Interrogatory seeks factual information, Plaintiff objects to Interrogatory No. 14 as it is a premature interrogatory request that seeks a comprehensive identification of relevant facts before the close of discovery. *See* FED. R. CIV. P. 33(a)(2); *Wallace v. GEO Grp., Inc.*, No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013). Plaintiff also objects to Interrogatory No. 14 as it is unreasonably duplicative of Plaintiffs' expert-witness reports of Mr. Cooper, Dr. Flores, Dr. Joseph, and Dr. Stein, as well as information in Plaintiffs' First Amended Complaint (ECF No. 49), Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53), which address this request and are currently in Defendants' possession.

Plaintiff further objects to Interrogatory No. 14 because it seeks the identities of its members, the compelled disclosure of which would "abridge the rights of its . . . members to engage in lawful association in support of their common beliefs," which is protected by the First Amendment to the U.S. Constitution. *NAACP v. State of Alabama ex rel. Patterson*, 357 U.S. 449, 460 (1958); *see id.* at 462-63 (holding "that compelled disclosure of [a civil rights association's] membership is likely to affect adversely the ability of [the association] and its members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate, in that it may induce members to withdraw from the [a]ssociation and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure."). Plaintiff further objects to Interrogatory No. 14 to the extent it requires the disclosure of protected material, including but not limited to confidential information or any information implicating privacy interests.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that current or former members of organizational Plaintiff are identified in Interrogatory No. 9; these current or former members also are individual Plaintiffs in this lawsuit and have provided individual responses to the information sought through this Interrogatory No. 14 in their respective responses to Defendants' first interrogatories. Former or current members of organizational Plaintiff also provided testimony at commissioners court hearings (for example, on October 17, 2018) about their concerns with Defendants' early voting plans.

**INTERROGATORY NO. 15**

Please state with specificity each factual basis for your contention that your right to vote

was abridged or denied as a result of the early voting schedule in Waller County for the 2018 general election.

**ANSWER TO NO. 15**

Plaintiff objects to Interrogatory No. 15 because it is worded to require a legal conclusion and is predicated on legal definitions, conclusions, and arguments. Plaintiff also objects to this Interrogatory because organizational Plaintiff does not have an individual right to vote. Plaintiff further objects to the extent this is a premature interrogatory request that seeks a comprehensive identification of relevant facts before the close of discovery. *See* FED. R. CIV. P. 33(a)(2); *Wallace v. GEO Grp.*, Inc., No. 2:12-cv-2745, 2013 WL 6490320, at *3 (W.D. La. Dec. 10, 2013). Plaintiff also objects to Interrogatory No. 15 to the extent that it is unreasonably duplicative of the Plaintiffs' expert-witness reports by Mr. Cooper, Dr. Flores, Dr. Joseph, and Dr. Stein, as well as information in Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53), which address this request and are currently in Defendants' possession.

**INTERROGATORY NO. 16**

Please state with specificity each factual basis for your contention that there was a lack of adequate early voting in the City of Prairie View and/or PVAMU during the 2018 general election.

**ANSWER TO NO. 16**

Plaintiff objects to Interrogatory No. 16 to the extent that it mischaracterizes Plaintiffs' claim in this lawsuit as being about the adequacy of early voting in the City of Prairie View and/or PVAMU during the 2018 general election. Plaintiff also objects to Interrogatory No. 16 insofar as it seeks documents or information, such as the County's early voting plans for the November 2018 general election, which are already in Defendants' possession. For the same reason, Plaintiff objects to Interrogatory No. 16 insofar as it seeks documents or information that are obtainable from some other source that is less burdensome or less expensive. Plaintiff also objects to Interrogatory No. 10 as it is unreasonably duplicative of Plaintiffs' expert-witness reports of Mr. Cooper, Dr. Flores, Dr. Joseph, and/or Dr. Stein, as well as Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53), which address this question and are currently in Defendants' possession.

**INTERROGATORY NO. 17**

If you contend that early voting hours during the first week of early voting provide a greater opportunity to cast a ballot than early voting hours the second week, please state with specificity each factual basis for that contention.

**ANSWER TO NO. 17**

Plaintiff objects to Interrogatory No. 17 because it erroneously sets forth a contention that Plaintiff has not advanced in this case.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that its answers are included in Plaintiffs' First Amended Complaint (ECF No. 49) and Plaintiffs' Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 53). Plaintiff's response is further supported by expert-witness reports of Mr. Cooper, Dr. Stein, Dr. Joseph, and/or Dr. Flores and the resources cited therein.

Moreover, Plaintiff responds that commissioners court meetings (for example, on October 17, 2018) are already in Defendants' possession, including testimony from Joshua Mohammed, other PVAMU current and former students, and other advocates urging additional early voting on-campus in 2018, including at least one day of early voting on campus during the first week and their reasons for this demand.

**INTERROGATORY NO. 18**

Please describe any activities or efforts the Panther Party undertook to advocate or petition for a greater number of early voting hours, prior to joining this lawsuit. Your answer should include, but is not limited to, identifying any communications by or on behalf of the Panther Party with officials, employees, or representatives of Waller County or PVAMU regarding early voting in Prairie View, by specifying with whom you had such communications, the manner of communication (i.e., in-person, phone call, email, text message, etc…), the approximate date and time of each communication, and the substance of each communication.

**ANSWER TO NO. 18**

Plaintiff objects to Request No. 18 because it is not limited to any reasonable time period and thus is vague, ambiguous, overly broad, and unduly burdensome. Plaintiff further objects to the extent that it seeks information already in the possession, custody, or control of Defendant Waller County and its officials, employees, or representatives.

Subject to and without waiving Plaintiff's foregoing general and specific objections, Plaintiff responds that commissioners court meetings (for example, October 17, 2018) are already in the possession of Defendants, including testimony from current or former Panther Party leaders and members, like Joshua Mohammed, urging additional early voting on-campus in 2018, including at least one day of early voting on campus during the first week and their reasons for this demand.

In addition, Plaintiff participated in community education and civic engagement meetings on campus to discuss strategies to advocate for a great number of early voting hours.

**INTERROGATORY NO. 19**

If you contend that the Waller County Community Center is inaccessible to Panther Party members, please state with specificity each of your factual bases for that contention.

**ANSWER TO NO. 19**

Plaintiff objects to Interrogatory No. 19 because it erroneously sets forth a contention that Plaintiff has not advanced in this case and/or mischaracterizes Plaintiffs' contention about the Waller County Community Center as a site for early voting for PVAMU students. Plaintiff also objects to Interrogatory No. 19 as it is unreasonably duplicative of the expert-witness reports of Mr. Cooper, Dr. Stein, Dr. Joseph, and/or Dr. Flores and or commissioners court hearing minutes (for example, for October 17, 2018), which address this question and are currently in the possession of Defendants. Specifically, commissioners court meetings (for example, October 17, 2018) already in Defendants' possession, including testimony from current or former Panther Party leaders and members, like Joshua Mohammed, urging additional early voting on-campus in 2018, including at least one day of early voting on campus during the first week and their reasons for this demand.

Respectfully submitted on July 29, 2019,

**Of Counsel:**

| | |
|---|---|
| */s/ Leah C. Aden* | Adam T. Schramek (SDTX 31913) |
| Leah C. Aden* | State Bar No. 24033045 |
| Deuel Ross* | Attorney-in-Charge |
| Kristen A. Johnson* | **NORTON ROSE FULBRIGHT US LLP** |
| John S. Cusick* | 98 San Jacinto Boulevard, Suite 1100 |
| **NAACP LEGAL DEFENSE AND** | Austin, Texas 78701-4255 |
| **EDUCATIONAL FUND, INC.** | Telephone: (512) 474-5201 |
| 40 Rector Street, 5th Floor | Facsimile: (512) 536-4598 |
| New York, New York 10006 | adam.schramek@nortonrosefulbright.com |
| Phone: (212) 965-2200 | |
| Fax: (212) 226-7592 | Julie Goodrich Harrison (SDTX 3017799) |
| laden@naacpldf.org |   State Bar No. 24092434 |
| dross@naacpldf.org | Nicole Lynn (SDTX 3041738) |
| kjohnson@naacpldf.org |   State Bar No. 24095526 |
| jcusick@naacpldf.org | **NORTON ROSE FULBRIGHT US LLP** |
| | 1301 McKinney Street, Suite 5100 |
| Catherine Meza* | Houston, Texas 77010 |
| **NAACP LEGAL DEFENSE AND** | Telephone: (713) 651-5151 |
| **EDUCATIONAL FUND, INC.** | Facsimile: (713) 651-5246 |
| 700 14th Street NW, Suite 600 | julie.harrison@nortonrosefulbright.com |
| Washington, DC 20005 | nicole.lynn@nortonrosefulbright.com |
| Phone: (202) 682-1300 | |
| Fax: (212) 226-7592 | William F. Calve (SDTX 3206298) |
| cmeza@naacpldf.org |   State Bar No. 24096505 |
| | **NORTON ROSE FULBRIGHT US LLP** |
| *Pro Hac Vice* | 300 Convent Street, Suite 2100 |
| | San Antonio, Texas 78205-3792 |
| | Telephone: (210) 270-7132 |
| | Facsimile: (210) 270-7205 |
| | william.calve@nortonrosefulbright.com |
| | |
| | *Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

This is to certify that on July 29, 2019, I electronically sent a true and correct copy of the foregoing document to all counsel of record in this case.

*/s/ Leah C. Aden*
Leah C. Aden
