PLAINTIFF'S EXHIBIT
**91**

# EXHIBIT K

Mr. Hayden Burns  
Butler, Binion, Rice, Cook  
  & Knapp  
Attorneys at Law  
1100 Esperson Building  
Houston, Texas  77002

JUL 27 1976

Dear Mr. Burns:

  This is in reference to the redistricting of County Commissioner and Justice Precincts and change in election precincts of Waller County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, as amended. Your submission was completed on May 28, 1976.

  We have considered the submitted changes and supporting materials as well as information and comments received from other interested parties. According to the 1970 Census, Waller County is 52.5% black, 43.3% white and 3.5% Mexican-American.

  Racial breakdowns, by race, for the old and new commissioner precincts were not supplied by the County. A breakdown of registered voter figures, by race, for the old and new commissioner precincts is not a sufficient means by which to evaluate the redistricting plan. Our experience indicates that blacks have a lower rate of voter registration than do whites. Thus an apportionment based on registration data is likely to have a dilutive effect on the vote of blacks. See Ely v. Klahr, 403 U.S. 108, 116-119 (1971) (Douglas, Jr., concurring). Further, this approach to reapportionment has been upheld by the Supreme Court only when it produces a distribution of legislators not substantially different from that which would have resulted from the use of a permissible population base (Burns v. Richardson, 384 U.S. 73, 93(1966)).

cc:  Public File  
  X2128-2130

- 2 -

In this regard, we take particular note of the fact that in drawing this reapportionment plan approximately 2,000 resident students at predominantly black Prairie View A & M University were excluded. You state in your May 26, 1976 letter that those Prairie View A & M University students who do not meet the residence requirements for voting outlined in Article 5.08 of the Texas Election Code were not considered to be residents of Commissioner Precinct 2. However, the statutory presumption against student residency outlined in Article 5.08(k) of the Code was found to violate the Fourteenth Amendment's equal protection clause (Whatley v. Clark, 482 F.2d 1230 (5th Cir. 1973)) and the county has presented no compelling reason for treating students different from other potential voters.

Because the submitted plan excludes a significant portion of the potential black voters of Waller County, the commissioner precincts do not appear to accurately reflect black voting strength in the County. Further, since the population of the only black majority district is an estimated 2,000 more than the other districts with the inclusion of these students, the black residents of Commissioner Precinct 2 are underrepresented in relation to the other county residents. Therefore, we cannot conclude, as we must under the Voting Rights Act, that this reapportionment does not have the purpose or effect of abridging the right to vote of the black citizenry.

Accordingly, in view of our analysis and recent court decisions to which we feel obligated to give great weight, I must, on behalf of the Attorney General, interpose an objection to the 1975 redistricting of Waller County.

- 2 -

Of course, as provided by Section 5 of the Voting Rights Act, you have the alternative of instituting an action in the United States District Court for the District of Columbia seeking a declaratory judgment that the present submission does not have the purpose and will not have the effect of denying or abridging the right to vote of blacks in the County. However, until and unless such a judgment is obtained, the 1975 Waller County redistricting plan is legally unenforceable.

Sincerely,

J. Stanley Pottinger
Assistant Attorney General
Civil Rights Division