

# EXHIBIT L

MAR 10 1978

Mr. Richard G. Sedgeley
Attorney at Law
609 Fannin Building
Suite 1301
Houston, Texas  77002

Dear Mr. Sedgeley:

This is in reference to the change in election date for the Board of Trustees for the Waller Consolidated Independent School District of Harris and Waller County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, as amended. Your submission was received on February 26, 1978.

We have given careful consideration to the information furnished by you, as well as demographic data, the decision in the United States v. State of Texas and Waller County, C.A. No. 76-H-1681 (S.D. Texas February 16, 1978), and information furnished by other interested parties. On the basis of our analysis we were unable to conclude, as we must under the Voting Rights Act, that the change in election date from the first Saturday in April to the second Saturday in August will not have a discriminatory effect on the conduct of elections in the Waller Consolidated Independent School District.

According to information furnished by School District officials, blacks constitute approximately 40 percent of the population of the School District. Our understanding is, however, that this does not include an estimated 3,000 students and faculty members of Prairie View A&M University located in the district.

Our analysis shows that virtually all of the resident students at Prairie View A&M University are black, that by virtue of the court decision in United States v. State of Texas and Waller County, supra, many of them now have a realistic opportunity to register and vote in Waller County, and that moving the School District election date from April to August will have the effect of conducting the election during a period when most of those student-voters are away from the area on summer school vacation. Under these circumstances, we cannot conclude, as we must under the Voting Rights Act, that this change in dates does not have a discriminatory purpose or effect. Accordingly, on behalf of the Attorney General, I must interpose an objection to the change in election dates from April to August.

Of course, Section 5 permits you to seek a declaratory judgment in the United States District Court for the District of Columbia that this change in dates does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color. However, unless and until such a declaratory judgment is obtained the legal effect of this objection is to render the change legally unenforceable.

In view of the approach of the April 1 election, please advise us within ten days of the action intended to be taken by the Waller Consolidated Independent School District.

Sincerely,

Drew S. Days III
Assistant Attorney General
Civil Rights Division